## OLESON v. HENDRICKSON.

1. FORCIBLE ENTRY AND DETAINER: PLEADINGS AND EVIDENCE. The plaintiff's complaint alleged that defendant acquired possession of the premises in controversy, by fraud, and stealth; and the answer denied the allegations of the petition, and set up as a defense a special contract. *Held,*

  1. That a demurrer to that portion of the answer setting up the special contract was improperly sustained.

  2. That it was competent for the defendant to show by evidence that he entered into the possession with plaintiff's consent, under a contract of purchase.

2. DEMURRER ON APPEAL. On appeal from a judgment of a justice of the peace, the erroneous ruling of the justice upon a demurrer may be reviewed and disregarded.

3. INSTRUCTIONS: FACTS. It is the province of the jury to find a verdict upon the evidence, and it is not competent for the court to instruct a jury to find a defendant guilty of forcible entry and detainer, even in the absence of evidence for the defendant.

Oleson v. Hendrickson.

*Appeal from Winnesheik District Court.*

Thursday, October 17.

The facts are stated in the opinion of the court.

*Noble, Willett & Burdick* for the appellant.

1. In refusing to pass upon the demurrer sustained in the court below, the court erred. Appeal lies whether the judgment be one of law or fact. *Griffin v. Moss*, 2 Iowa 261; *Kimpson v. Hunt*, 4 Ib. 240.

2. The court erred in overruling the objections of defendant to the introduction of the sheriff's deed in evidence. The action of forcible entry and detainer is like the action of trespass, in this, the gist of both is the injury to the possession. If an action be brought for a trespass on lands of which the plaintiff has no actual possession, as for instance, wild lands, he will be compelled, in order to maintain the action, to prove a title to the lands, and this makes out a constructive possession; but this proof of title a justice is not authorized to hear. 8 Cow. 115, 1 Cow. Tr. 464.

3. The evidence of the contract between plaintiff and defendant was admissible, in connection with the parol evidence offered for the purpose of proving a license coupled with an interest irrevocable in its character.

4. The court erred in refusing to permit the defendant to prove that he moved on the premises with the express consent and approbation of the plaintiff. The plaintiff set forth in his petition that the defendant by fraud and stealth, entered upon the prior actual possession of the plaintiff, in regard to the premises in question, which was specifically denied by defendant. Although the plea of the general issue was abolished by the Code, yet we do not understand the rule to be, that nothing can be proved under a denial, and that its only effect is to put the plaintiff upon proof of

the allegations of the petition. On the contrary we conceive the true rule to be, that every special defense which consists of matter going to disprove any material allegations in the petition, which allegations must be proved in the first instance by the plaintiff to make his case, may be introduced in evidence under a denial, and need not be specially pleaded; but every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in the first instance, to make out his case, must be alleged in the answer. *Benedict* v. *Seymour*, 6 How. Pr. R. 298; *Reynolds* v. *Dunkirk and State Line Railroad Company*, 17 Barb. 613; Van Santvoords Pl. 402.

5. In refusing to permit the defendant to prove that he moved on the premises in question, with the tenant in possession, and with the said tenant's consent.

6. The premises being in possession of a tenant at will (Code of 1851, § 1208,) in the absence of proof of any ouster of the tenant by defendant, the presumption is, that the defendant entered upon the possession with the consent of the tenant. The possession of the tenant was not such a possession of plaintiff as will enable him to maintain this action. The possession and the right of possession was in the tenant, and any injury to the possession, which did not affect the reversion, was an injury exclusively to the possession of the tenant. The action is analogous to the action of trespass, and in order to maintain trespass, the plaintiff must have the right of immediate possession. *Pole* v. *Mitchell*, 1 Hill 404; 1 Wend. 466; 1 Grenl. Ev. 97. The tenant being a tenant at will, plaintiff had no right to the immediate possession. He had given the tenant no notice to quit, and would only be entitled to the possession in three months after notice given. Code of 1851, § 1209.

*S. Bullis* for the appellee.

Lowe, C. J.—On the 24th day of March, 1860, the plaint-

iff instituted his summary proceeding against defendant founded upon the first clause of § 2362 of the Code of 1851, alleging that the defendant had, by fraud and stealth, entered upon the premises of the plaintiff (who had the prior actual possession,) and detained the same from him.

The defense consisted of a denial of such entry and consequent detention by fraud and stealth, but alleged that the defendant had done so with the permission of plaintiff, under a contract of purchase. The plaintiff demurred to this last allegation in the answer, for the reason that it raised the question of title to the premises, and therefore did not constitute a substantial cause of defense. The demurrer was sustained by the magistrate; a trial had, and a judgment rendered for plaintiff. On an appeal to the District Court a similar judgment was rendered after trial.

Of the various rulings of the District Court objected to and embodied in a bill of exceptions, there are three which challenge revision.

*First*, The court below held that the question raised by the demurrer filed in and sustained by the magistrate's court, could not be re-examined and passed upon, by it. This ruling is clearly in opposition to the language and spirit of § 2343 of the Code. For it had the effect to sanction an error (instead of disregarding it,) committed by the magistrate, and thereby deprived the defendant of the advantage of a meritorious defense. The main point of the plaintiff's charge was, that the defendant had by fraud and stealth entered upon his premises. The defendant does not admit this, and then set up the facts demurred to, in avoidance of the charge, but simply denies the charge and couples the denial with a statement of a fact inconsistent with the truth of plaintiff's complaint, a fact which could have been proved under a general denial of the charge, without alleging it by way defense. We do not mean to say, that under a general or specific denial of the plaintiff's cause of action the same

facts may be shown that could be proved under the general issue at common law, for this would include any and all acts tending to show that when the action was brought the plaintiff had no subsisting cause of action, whereas under our Code of procedure, the denials confine the defense to a contestation of the facts alleged in the petition. With this limitation, however, the defense may introduce as evidence whatever may go to controvert or disprove the facts alleged in the petition, and which are denied in the answer. For instance, it can not be said that an individual has obtained possession of premises by fraud and stealth, when he had in fact done so under a special contract, and with the permission of the proprietor ; and evidence of the latter fact must necessarily disprove the existence of the former.

The magistrate, therefore, erred in sustaining the demurrer, and this error the District Court should have disregarded. *First,* because if the facts relied upon had been set up in the form of a plea in bar or avoidance, they amounted to a sufficient defense. And, *second,* because they were, however, so pleaded as to amount to nothing more than a specific denial of the cause of action ; and it may as well be remarked that denials, whether general or specific, are not the subject of demurrers under our system of procedure. If a denial is informal, redundant or otherwise objectionable, it should be reformed upon motion and not by demurrer.

In consequence of this mistake, the District Court very naturally fell into another, which is assigned for error ; and that was the exclusion of evidence offered by the defendant tending to prove that his entry upon the plaintiff's premises was with his consent and under a contract of purchase. This evidence was rejected upon the ground that there was no issue to which it was applicable. We have already anticipated and answered this objection.

The *third,* and last, ground of error charged, which it is necessary for us to advert to, is that the court directed the

jury to find a verdict against defendant, which was accordingly done. It is true, all the evidence for the defense had been ruled out as inadmissible under the state of the pleadings ; still before the plaintiff could recover, he was bound to prove the substance of his complaint against the defendant. Whether he had done so or not, it was the province alone of the jury to determine ; and it was not competent for the court to take this matter out of the hands of the jury, and order them to find the defendant guilty. For these reasons, this cause must be

Reversed.