## HALL v. JACKSON.

**Forcible Detainer:** TRIAL OF TITLE : WHAT IS NOT. In an action of forcible detainer, where defendant had taken possession under a lease which had expired, he set up as a defense that he continued to hold possession under a written contract with plaintiff for the purchase of the land, with the terms of which he had complied on his part. *Held* that this was a concession that the title was in plaintiff, and did not raise an issue as to the title, but only as to the right of possession, and was not therefore forbidden by section 3620 of the Code. ( Compare *Oleson v. Hendrickson*, 12 Iowa, 222, and *Jordan v. Walker*, 52 Iowa, 647.)

*Appeal from Mills District Court.*—HON. GEORGE CARSON, Judge.

FILED, FEBRUARY 9, 1889.

THIS· is an action of forcible detainer, which was originally brought before a justice of the peace, where there was a trial by jury, and a verdict and judgment

for defendant. The plaintiff appealed to the district court, where a trial was had without a jury, and a like judgment was rendered. Plaintiff appeals.

*E. B. Woodruff*, *John Y. Stone*, and *P. P. Kelly*, for appellant.

*Watkins & Williams*, for appellee.

ROTHROCK, J.—On the twenty-first day of December, 1886, the plaintiff, by a written contract signed by the parties, leased to the defendant a quarter section of land for one year. At the same time the parties entered into another written contract, by which the defendant had the right to purchase the land at the expiration of the lease, upon certain terms named in the contract. By the last-named contract the defendant was required to make his election to purchase the land on the twenty-first day of December, 1887; that being the date of the expiration of the lease. The election was to be made by executing a writing in which the terms of the sale should be complied with. At the expiration of the lease the defendant caused the contract of purchase to be prepared, and there is evidence in the case tending to show that late in the evening of the twenty-first of December he tendered to the plaintiff a compliance with the contract of purchase. It is true the evidence upon the question as to the defendant's election to purchase the land is in conflict, but it is sufficient to sustain the judgment of this court. The contention of the plaintiff is that the defense based upon a contract of purchase cannot be interposed in an action of forcible detainer, because it is provided by section 3620 of the Code that the question of title cannot be investigated in the action. But we think it is quite plain that the defendant did not seek to try titles with the plaintiff. He conceded that the title to that land was in plaintiff. His claim was that he was entitled to the possession of the land, because the plaintiff had contracted to sell it to him. That such a defense is proper, in an action of this kind, see *Oleson v. Hendrickson*, 12 Iowa, 222, and *Jordan v. Walker* 52 Iowa, 647.                    AFFIRMED.