## Powers v. Myers.

No. 213.    Opinion Filed November 9, 1909.

(105 Pac. 674.)

1.    **VENDOR AND PURCHASER—Contract—Construction—Lease and Option.** A contract containing the following provision: "It is agreed between the first and second party that the first party will turn the postoffice to the second party, and the second party has option on store building and two acres of land where store is now located, at three hundred dollars, without rent if taken by the first of October. if not the property is to rent for $5.00 per month"—is not, as to such provision, a contract of purchase and sale, but is a contract of tenancy with option to purchase.

2.   **LANDLORD AND TENANT—Unlawful Detainer—Evidence.**  In an action of forcible entry and detainer, evidence of the parol acceptance by defendant of the option in the foregoing contract was not competent for the purpose of enforcing the contract or of trying title, but was competent for the purpose of establishing the right of possession.

3.   **FORCIBLE ENTRY AND DETAINER—Jurisdiction—Ouster—Title.**  The mere contention or claim of defendant. or the introduction by him of evidence, to the effect that he is in possession of the premises under a .parol agreement to purchase, where the evidence relative thereto is conflicting, is not sufficient to oust the court of jurisdiction to try the right of possession in a forcible entry and detainer action, and the existence of such agreement is a question of fact to be determined by the jury.

(Syllabus by the Court.)

*Error from District Court, Woods County; Jno. L. Pancoast, Judge.*

Unlawful detainer by D. H. Powers against E. C. Myers. From an order of the district court dismissing the cause on appeal from a judgment of the probate court in favor of plaintiff, he brings error. Reversed and remanded, with directions.

*F. M. Cowgill,* for plaintiff in error.—Citing: *Hall v. Jackson,* 77 Iowa, 201; *Malloy v. Malloy,* 40 N. W. 285; *Ish v. McRae,* 48, Ark. 413; 21 A. & E. Enc. L. (2d Ed.) 924, note 1.

*Snoddy & Son,* for defendant in error. No brief reached the reporter.

HAYES, J. This is an action of unlawful detainer. It was originally brought by plaintiff in error in the probate court of Woods county, and judgment was there rendered in his favor. The case was taken by proceeding in error to the district court, where there was a trial by jury and verdict returned in favor of plaintiff in error. A motion for a new trial by defendant in error was sustained by the court, and the cause dismissed for want of jurisdiction upon the ground that the claim of defendant in error that he was in possession under a contract of purchase presented a question of title for the determination of the court. The contract upon which this action is based is as follows:

"This contract and agreement entered into between E. C. Myers, party of the second part and Powers and Feathers, parties of the first part, witness: that parties of the first part have sold and delivered to said party of the second part his stock of merchandise and fixtures located in the county of Woods, on N. E. quarter, section 32, township 22, range 16, west, at Estelle, Oklahoma, together with the good will of the business for the sum of $1,045.94, of which amount said first party acknowledges receipt of payment in cash of the sum of $300.00, and the second party acknowledges receipt of all the goods, merchandise and fixtures that he is to receive under this contract. It is agreed between the first and second party that the first party will turn the postoffice to the second party, and the second party has option on store building and two acres of land where store is now located, at three hundred dollars, without rent if taken by the first of October, if not the property is to rent for $5.00 per month. It is further agreed that the balance due shall be paid in three installments, first note to be paid in 60 days, second note in 90 days and third note in 120 days, and if second party shall fail to pay either of said installments that the first party at his option may declare them all due."

Defendant in error filed no answer either in the probate court or in the district court. The evidence of plaintiff tended to establish that after defendant in error had taken possession under the above contract, which was executed on the 24th day of April, 1906, he continued to occupy the same up to the time of the institution of this action, but that he failed to accept by October 1, 1906, the right to purchase granted by the contract, and that he had refused to pay any rents upon the premises. The theory of defendant's defense is, and the evidence introduced by him tends to establish, that upon the 1st of October, 1906, or soon thereafter, he did accept, or offer to accept, the option secured to him by the contract, and to pay for the premises, but that plaintiff refused to comply with the contract. The court instructed the jury that, if they found that defendant did take advantage of his right of option and accept the provisions of the contract with reference to the sale, then this action would not lie and that their verdict should be for defendant, but that, until he exercised his right of option to purchase the premises, he was holding as a tenant, and was liable

for rent.   Upon the hearing of the motion for a new trial, the trial court seemed, however, to have taken the view that merely the contention or the interposition as a defense by defendant that he was in possession of the premises under a contract of purchase was sufficient to oust the court of jurisdiction.   Section 5086, Wilson's Rev. & Ann. St. 1903, provides:

"Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having lawful and peaceable entry into land or tenements, unlawfully and by force hold the same; and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, or that the same, after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

By section 5087 it is provided that landlords may dispossess tenants holding over their terms by the proceeding provided for in the foregoing section.   These sections of the statutes were held in *Smith et al. v. Kirchner*, 7 Okla. 166, 54 Pac. 439, not to authorize a proceeding thereunder by the vendor of real estate to recover the possession of the same from one to whom he had made a contract of sale and who had gone into possession thereunder, but had made default in the payment of the purchase price.   The doctrine of that case is sound, and is supported by the weight of authorities under similar statutes; but we think the facts in this case distinguish it from that case, and render the decision of the court therein inapplicable.   In that case plaintiffs had executed to defendant a contract by which they bargained, sold, and conveyed to him certain real estate for a consideration of $250, a portion of which was paid in cash and the remainder to be paid at a stipulated time, with the provision that, if the balance unpaid was paid when due, the grantors, plaintiffs in that case, would execute to defendant their quitclaim deed conveying the property described.   The contract in the case at bar upon its face does not bargain and sell the property in controversy to defendant, but does give to him the option to purchase it by a stipulated time.   It is a contract for

option to purchase, and is not one of sale and purchase. If, within the fixed time, plaintiff had accepted the option to purchase, the contract would have ripened into a contract of purchase, or, more accurately speaking, a contract of purchase would have thereby been formed. Unless defendant decided to accept the option, which he was at liberty to do or not to do, he was bound to pay as rents on the property the sum of $5 per month. The contract was, in effect, that defendant should pay $5 per month rent for the property if he did not decide to purchase it at the price offered to him in the contract by the time stipulated, in which event his rents would be remitted. It was a continuing offer by plaintiff until October 1, 1906, to defendant to sell to him the store building and two acres of land in controversy for the sum of $300, and by the acceptance of said offer the character of the contract as a contract of tenancy would be destroyed. The provision as to the purchase or sale was unilateral, binding upon one party only, but the provision as to rent was binding from the beginning upon both parties, from which defendant could relieve himself only by acceptance of the offer to sell within the time; and until that time and thereafter, upon his failure to accept the option, the relation between the parties was that of landlord and tenant.

Whether the option was accepted by plaintiff was a question of fact, to establish which defendant had a right to introduce evidence to show that his possession at the time this action was begun had changed from that of a tenant to that of an owner, and the introduction of such evidence did not divest the court of jurisdiction. It is true that if such contract had been admitted, or if it had been established by uncontroverted evidence, or if the jury had found upon conflicting evidence that such contract existed, the court would not have had jurisdiction in this summary proceeding to have determined the equities of the parties under it, or who had the superior title thereunder. The evidence of its existence was competent only for the purpose of showing the character of defendant's possession, and to disprove plaintiff's right of possession.

*Hall v. Jackson,* 77 Iowa, 201, 41 N. W. 620, is a case in point. That case was an action of forcible detainer where defend-

ant had taken possession under a lease which had expired. Defendant set up as a defense that he continued to hold possession under a written contract with plaintiff for the purchase of the land. The court held that such a defense did not question the title of plaintiff, nor seek to try title with him. In that case, as in this, it appears that the evidence as to whether the defendant elected to purchase was conflicting. See, also, *Oleson v. Hendrickson*, 12 Iowa, 222.

In *Mason v. Delancy*, 44 Ark. 444, the court, in discussing the question now before us, said:

· "But, if the defendant shows that he is in under a contract to purchase, he rebuts the idea of a tenancy, and a different agreement cannot be inferred from that the parties have deliberately entered into. The fact that the agreement to purchase is by parol and the action at law can make no difference. *Carpenter v. U. S.*, 17 Wall. 489, 21 L. Ed. 680. *The agreement is proved, not for the purpose of enforcing it or of giving it any vitality as a title*, but only to rebut the idea of a tenancy. The defendant's relation to the plaintiff is the material fact to be ascertained, and the agreement between the parties about the possession may determine that question. *People v. Howlett*, 76 N. Y. 574." (Italics are ours.)

In *Dawson v. Dawson et al.*, 17 Neb. 671, 24 N. W. 339, and *Worthington v. Woods*, 22 Neb. 230, 34 N. W. 368, it was held that, where the testimony shows that a party is in possession of real estate under a contract to purchase, an action of forcible entry and detainer will not lie to oust him from such possession, but neither of these cases goes so far as to hold that a mere contention of defendant that he is holding the premises under a contract of purchase, or the introduction of evidence to that effect, which is controverted by plaintiff, is sufficient to oust the court of jurisdiction. Unquestionably, where it is established that a defendant in an unlawful detainer action occupies the premises under a contract of purchase under which he has, or may have, an equitable title or interest in the property, the court cannot in such proceeding determine the rights of the parties under the contract, but must dismiss the action and leave them to resort to some other form of action to litigate their rights; but it is held by some courts that,

even where it is shown that the defendant occupies the premises under a contract to purchase, if it is stipulated that in the event the defendant fails to make the payments under the contract he shall forfeit his rights thereunder and the amounts paid by him shall be applied as rents, he may be dispossessed by the summary proceeding of forcible detainer upon default of payments due. *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538; *Ish v. Morgan, McRae & Co.,* 48 Ark. 413, 3 S. W. 440.

For plaintiff in error to recover in the action at bar, it was necessary for him to establish, in addition to service of the notice required by the statutes, about which there is no conflict in the evidence, first, that defendant occupies the premises as his tenant; second, that he is holding over after his term. In support of these issues, he introduced the written contract and parol testimony. To overcome this proof, defendant introduced evidence to establish that the contract of tenancy had been terminated by his accepting the option to purchase, and that he occupied said premises, not as a tenant, but as a purchaser. Whether or not he had ever accepted the option given him by the written contract was a question of fact which, under the conflicting evidence, was properly submitted to the jury. The court could have required the jury to return a special finding upon this question. He did not do so, but did properly instruct the jury that, if they found that defendant had accepted the option to purchase, plaintiff could not recover, and by the general verdict returned this issue was found against defendant. No determination of the rights of the parties under any contract of purchase was made, or was required to be made, by the issues or evidence tendered. The jury found that there was no contract of purchase, and, under the state of the evidence, it was a question of fact for them to determine.

The judgment of the trial court is reversed, and the cause remanded, with directions to enter judgment in accordance with the verdict.

Kane, C. J., and Turner and Williams, JJ., concur; Dunn, J., disqualified, and not sitting.