GRIFFITH v. COLEMAN.

No. 30737. March 16, 1943.

*135 P. 2d 33.*

Bishop & Bishop, of Seminole, for plaintiff in error.

W. A. McDaniel, of Seminole, for defendant in error.

RILEY, J. This is an action in unlawful detainer instituted in a justice of the peace court of Seminole county by Gus Coleman, hereinafter referred to as plaintiff, against J. W. Griffith, hereinafter referred to as defendant. Plaintiff, claiming under a written lease covering the year 1941 from the owner of the premises in controversy, sought to obtain possession of the premises of which defendant was then in possession under claim of an oral lease for the year commencing January 1, 1941. Trial was had in the justice court, resulting in a verdict for the defendant. Plaintiff appealed to the superior court of said county, where the parties waived a jury and the cause was tried partly upon a stipulation and partly upon oral testimony.

The stipulation in substance was that the defendant went into possession of the property in question about five and one-half years prior to the commencement of this action, and was in possession at the time this action was instituted; that while he was in such possession he made some permanent improvements on the property, consisting of a well, and a chicken house, and other improvements; that plaintiff had never been in possession, and that plaintiff is claiming a part of the property by reason of written contract made with the owner of the property during the year 1938, and that defendant was claiming possession of the property by reason of an oral contract made with the owner of the property in December, 1938, for the year 1941; and that the only question to be determined was whether or not the owner rented a part of this property to defendant, Griffith, and whether he had made the improvements thereafter.

When the cause came on for trial, defendant objected to the introduction of any evidence upon the ground that the stipulation of the parties showed that the court was without jurisdiction. The objections interposed were overruled and the court proceeded to hear the evidence, and rendered judgment for the plaintiff. Defendant appeals.

The principal contention of defendant is that the court was without jurisdiction for the reason that the title was involved, and that plaintiff, never having had possession, could not maintain this action for the reason that defendant was holding and claiming under color of title. From the record it appears that the particular premises here involved were under lease to a third party for a period of five years ending December 31, 1940. Defendant never had a lease from the owner, but went into possession under some kind of an arrangement with the lessee under the five-year lease above mentioned. Defendant contends that he had an oral lease from the owner as of the date of November 22, 1937, for a one-year term to begin January 1, 1941. Under this contention he asserts that he was in possession under color of title and that the court had no jurisdiction in an unlawful detainer action.

39 O. S. 1941 § 393 provides that proceedings for unlawful detainer may be had in all cases ". . . and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession."

In order to deprive the court of jurisdiction in this case, it must have been made to appear that the defendant had possession under color of title. The weight of authority is to the effect that some writing is necessary in order to

give color of title. 2 C. J. 170; 1 Am. Jur. 899; 2 A. L. R. Ann. 1457. In a few jurisdictions, however, it is recognized that color of title may exist in the absence of writing. 1 Am. Jur. 899. In any case, where color of title is not given by descent cast, by judgment or decree, or by statute, there must be a contract or agreement of some kind, either in writing or oral. Where the contract or agreement is admitted, or if it be established by uncontroverted evidence, or if the jury, or the court trying the case without a jury, finds upon conflicting evidence that a contract or agreement exists, the court would have no jurisdiction in an action in unlawful detainer. Powers v. Myers, 25 Okla. 165, 105 P. 674.

In Northcutt et al. v. Bastable, 39 Okla. 124, 134 P. 423, it was held:

"A person out of possession, but who has the right of possession, may maintain an unlawful detainer action against one in possession, who holds without color of title."

In this case the defendant failed to prove any lease, oral or in writing. Under his own testimony, the most that defendant proved was an oral promise, unsupported by any consideration, to give a lease of some sort beginning some three and a half years after the promise. Viola Carolina is the owner of the premises here in controversy. With reference to defendant's claim of a lease from her, he testified:

"Q. Tell the court what took place? A. Viola Carolina and Alice Walker, another colored woman who was with her, come the 22nd day of November, 1937, up to my driveway late one evening, and the old lady said she was looking about the land, that Marks had took more land than he was entitled to, she said, 'I am not going to let him have it any more.' I said, 'You ain't,' and she said, 'no'; I said 'What has he been paying you?' She said '$20 a year.' I said 'If you will rent it to me, and the other lots, I will pay you $60 a year. She said, 'All right, but I ain't making no contract until it is up,' and I said, 'All right, I will be there after the first of January with the money,' and I sent my wife down there with the money and a witness."

That was wholly insufficient to constitute a lease or contract. The owner, Viola Carolina, was a witness and positively denied that she ever made such promise or agreement. The trial court found as follows:

"The court after due consideration of all the stipulations, evidence and testimony in this case finds that no contract was ever entered into between the defendant, J. W. Griffith, and the landowner, Viola Carolina."

All the cases cited and relied upon by defendant are cases wherein the defendants were in possession under a contract, deed, lease, or other agreement. Since the evidence was not sufficient to establish an oral contract, we need not, and do not, determine whether there can be color of title under an oral contract.

It therefore appears that defendant had no contract or agreement of any kind upon which to base color of title. The contention that the court was without jurisdiction cannot be sustained.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., dissent.