Kellogg v. Lewis.

## CHAUNCEY S. KELLOGG v. CHARLES A. LEWIS.

1. FORCIBLE DETAINER, *When Maintained.* To maintain an action of forcible detainer, the plaintiff must have a perfect right of possession at the time the notice to quit is given.

2. ACTION OF FORCIBLE DETAINER, *Nature of.* An action of forcible detainer does not involve the exercise of equitable jurisdiction, but is a law proceeding; and where a defendant has entered into possession of the premises under a written lease, which has not terminated by limitation or the mutual agreement of the parties, the plaintiff cannot in such an action call into exercise equity powers, and ask restitution upon the ground that the defendant has forfeited his right to hold possession by committing waste upon the premises, by failing to keep the same in repair, by selling and converting to his own use the undivided stock placed in his care, or by

his neglecting to keep and care for the stock according to the terms of the lease.

3. LESSOR, *When Entitled to Restitution of Premises.* Where the lessee enters into possession of real estate under a written lease, which has not terminated by limitation, and agrees to quit and give up possession, provided he can make a settlement with the lessor before surrendering his rights under the lease, such lease still continues in force according to its terms until the settlement is made, either by the mutual agreement of the parties, or through the courts; and if the lessee fails or refuses to settle with the lessor on account of his unreasonableness or obstinacy, the lessor is not entitled to restitution of the premises before the termination of the lease in an action of forcible detainer.

4. ——— Notwithstanding the provisions of the code require the court to instruct the jury before the arguments of counsel, yet the court, in its discretion, after the argument, may correct or qualify any statement of counsel that is liable to mislead the jury.

## *Error from Dickinson District Court.*

ACTION of forcible detainer, brought by *Kellogg* against *Lewis.* The opinion contains a sufficient statement of the facts. Trial at the October Term, 1881, of the district court, and judgment for defendant. Plaintiff brings the case here.

*Mahan & Burton,* for plaintiff in error.

*McClure & Humphrey,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of forcible detainer, brought on the 3d day of September, 1881, by Chauncey S. Kellogg against Charles A. Lewis, under art. 13 of the justices' act, to obtain restitution of the Damon breeding and training stock farm, situate in Dickinson county. The defendant made a verbal lease with the plaintiff in the month of October, 1878, for the lease of the farm, and on the 6th day of September, 1880, the agreement of the parties was put in writing, and by its terms the lease was to terminate March 1, 1882. The plaintiff claimed a termination of the lease by an agreement with the defendant, and also that the defendant had forfeited his right to hold possession under the lease by a violation of its terms. The case was tried before

a justice, and then appealed to the district court. Upon the trial in that court, plaintiff sought to show that the defendant had forfeited all right of possession under the lease, by being guilty of waste to the premises, by failing to keep up the repairs on the farm, by wrongfully selling and converting to his own use a large amount of the undivided stock and property of the plaintiff, and also by neglecting to keep and care for the stock. All of this evidence was objected to by defendant, and the objection was sustained by the court. This ruling is complained of. An action of forcible detainer does not involve the exercise of equitable jurisdiction, but is a law proceeding, and the evidence rejected was inadmissible. It did not tend to establish that the lease had expired by limitation, or that the lease had been terminated by the agreement of the parties. At most, it was evidence tending to show that in a proper action brought therefor, the plaintiff would be entitled to a judgment of forfeiture of the lease. No question of title was involved in the case, and the action was triable in the district court in the same manner as before the justice. A justice has no equity jurisdiction or power, and can therefore only determine the rights of parties as they appear at law. To maintain this action, the plaintiff must have a perfect right of possession at the time the notice to quit is given, and it is not competent in such an action, where a lease has not expired by limitation or agreement, to contest for a forfeiture of the lease on account of violations thereof by the lessee, and thus demand the exercise, on the part of the justice or the court, of equity jurisdiction. The defendant testified that about the 21st of July, 1881, he said to the plaintiff "he wanted to quit the farm because his health was not good;" and upon the inquiry of the plaintiff, "if he wanted to quit now," answered, "Yes, as soon as we can settle," but no settlement was had between the parties. The failure so to do was occasioned by reason of disputes between them about matters pertaining to the settlement. Upon this evidence plaintiff contends that if a settlement was not had by reason of the fault of the defend-

Kellogg v. Lewis.

ant, or his unreasonable refusal to settle, the plaintiff was entitled to recover possession, notwithstanding there was no settlement between the parties. We do not concur in this view. At the time the action was brought, the lease had not expired by limitation. According to the evidence of the defendant, he had agreed to quit the farm as soon as he and the plaintiff could settle. This agreement was a conditional one. Until the settlement was made, either by mutual agreement or through the courts, the lease would still continue to run. Whether the failure to settle was the fault of plaintiff, was not material in the trial, and any instruction thereon out of place.

It was developed on the trial, from the testimony of plaintiff, that the sale of the increase of stock upon the farm was made pursuant to defendant's agreement to quit, and in accordance with the terms of the lease at defendant's suggestion. In the argument to the jury, counsel for plaintiff dwelt upon this evidence as tending to support the claim of plaintiff, that the lease had terminated before the action was commenced, by the mutual agreement of the parties. After the arguments had closed, at the request of defendant, the court instructed the jury that plaintiff and defendant might, by mutual agreement, sell any portion of the stock named in the lease before its termination or revocation. This ruling is also made a matter of serious objection. Notwithstanding the provisions of the code require the instructions to be given to the jury before the arguments of counsel, the court in its discretion, after argument, to prevent the jury from being misled, may correct or qualify the statement of counsel; and we do not think that in this case the court abused its discretion in making the comments to the jury it did after the argument had closed. Considering all the evidence of defendant, there was sufficient testimony to justify this statement.

The judgment of the district court will be affirmed.

All the Justices concurring.