## CHARLES C. DYSART *et al* v. THEODORE J. ENSLOW.

(Filed July 30, 1898.)

1. FORCIBLE ENTRY AND DETAINER—*Right of Possession.* In an action of forcible entry and detainer, under section 4805 of the Justice Civil Code of Procedure, the right of possession is the only question involved; and, to maintain such an action, it is only necessary for the plaintiff to establish that he has a clear right of possession at the time the notice to quit and vacate the premises is given.

2. SAME.—*Equitable Jurisdiction Not Involved.* An action of forcible detainer is purely a proceeding at law, and does not and cannot involve the exercise of equitable jurisdiction. Where the defendants plead a special defense in their answer, alleging that the plaintiff's right of possession is based upon a certain instrument, denominated a "trust deed," executed by the defendants to the plaintiff, and as a defense to the action the defendants aver that such instrument is void because the plaintiff had made certain false and frau u-lent representations in procuring the deed, *held,* that the equitable powers and jurisdiction of the court cannot be involved in this action for the purpose of determining the title of the land in controversy, or to annul or cancel the so-called deed of trust.

3. SAME—*Summary Proceeding—Fraud.* An action of forcible detainer being in its nature a summary proceeding to recover the possession of the land, the defense of fraud in the procurement of a deed purporting to convey the premises in controversy to the plaintiff is not available. Testimony offered by the defendants to show that such a deed was procured from the defendants by the plaintiff by means of fraudulent representations is not admissible in such an action.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Frank Dale, District Judge.*

*Green & Strang* and *King & Hutto,* for plaintiffs in error.

*Robert A. Lowry, A. T. Neill* and *Dale & Bierer,* for defendant in error.

## STATEMENT OF FACTS.

Action by Theodore J. Enslow against Charles C. Dysart and Clara Dysart. Judgment for plaintiff. Defendants bring error. Affirmed.

This was an action of forcible detainer commenced by the defendant in error on the 9th day of March, 1897, in a justice court of Payne county against the plaintiffs in error, defendants in the court below. The plaintiff averred that in January, 1896, he entered into a verbal lease with the plaintiff in error, Charles C. Dysart, whereby he leased to said Dysart the tract of land in dispute for a period of one year; that under the terms of said lease the said defendants were in possession of said premises, and were seeking to hold possession of the same, after the term for which said lease was executed had expired, and after the plaintiff had given the defendants notice as required by law to surrender and vacate said premises.

The defense to this action was (1) a general denial; and (2) that the defendant Clara Dysart was the owner of said premises, having entered said land as a homestead under the laws of the United States, and obtained a patent therefor on the 3d day of January, 1896, a copy of which was attached to, and made a part of, said answer; that she was then, and had been since May 12, 1889, in the lawful and peaceable possession of said premises; and (3) that the plaintiff claims title to said land by virtue of a certain trust deed executed by the defendants to the plaintiff on the 4th day of November, 1895, but the defendants aver that said trust deed is void, because it was obtained through certain false and fraudulent representations made by the plaintiff to the

defendant Clara Dysart, which are set out fully in said answer.

The defendants then asked that said cause be certified to the district court, because the trial involved the title of said land, to which answer the plaintiff filed a reply (1) denying that the title to the land was in dispute in this action; and (2) that the title of the plaintiff to said land was based upon a certain life lease or deed of entail executed by the defendants to the plaintiff on the 4th day of November, 1895. A copy of said instrument was attached to, and made a part of, the reply. It is as follows:

"This indenture, made and entered into this 4th day of November, 1895, by and between Clara Dysart, formrely Clara Enslow, and Charles Dysart, her husband, parties of the first part, and Theodore J. Enslow, party of the second part, both of Payne county, Oklahoma, witnesseth: that said parties of the first part, for and in consideration of love and affection, and other considerations hereunto set forth, hereby demise, lets, and leases unto said party of the second part all of the following described real estate, situated in the county of Payne, Territory of Oklahoma, to have, possess, use, occupy, and enjoy the fruits, earnings, and proceeds thereof, viz: The southeast fourth ($\frac{1}{4}$) of section No. six, (6) in township No. seventeen, (17) of range No. two, (2) E., I. M. To have and to hold the said described premises, and to enjoy the fruits, earnings, proceeds, and possession thereof, for and during his natural life. In further consideration of the privilege, use, and advantage derived from the use, possession, etc., of the above and foregoing described premises, the said party of the second part hereby binds and obligates himself that he will further keep up and in good repair all buildings, fences, and other improvements on said land, and that he will annually pay all taxes and assessments against

said land, which payments of taxes and keeping up improvements on said land are to be regarded as rent for property and demands of and from the party of the second part; and said party of the second part is to have the complete an'd absolute control and dominion over said land, and is authorized to make such changes in the cultivation, use, and other arrangements of said land as to said second party may seem meet and proper; and said second party is hereby permitted to plant and improve fruit trees, shrubbery, or ornamental trees in such way and manner as to him may seem good: provide'd, however, such trees and shrubbery be freely planted, and without charge, either to the party of the first part or against the said lands. Said party of the second part hereby firmly binds and obligates himself that he will, in due and proper time, do and perform all acts and conditions of him herein required, and, in the event the said party of the second part shall neglect or refuse to comply with the foregoing conditions and requirements, the party of the first part may, after reasonable notice, revoke this lease, or resort to lawful measures to enforce a compliance; and at the [death of the?] party of the second part the benefits and privileges herein provided for shall at once cease, and the use and enjoyment and possession of the above described premises, together with all the improvements and betterments thereon, shall at once revert to the heirs of the said Theodore J. Enslow begotten of his first and second wives, and to become their property.

"In testimony of the granting by the party of the first, and accepting by the party of the second part, of the privileges and conditions above set forth, the said parties have hereunto set their hands and seals the day and year above written.

"CLARA DYSART,
"CHARLES C. DYSART,
"THEODORE J. ENSLOW."

This instrument was duly acknowledged before a notary public.

The justice court refused to certify the cause to the district court, and thereupon the case was tried without the intervention of a jury. Judgment was rendered in favor of the plaintiff and against the defendants for the restitution of the premises. From such judgment the defendants appealed to the district court, and asked leave to amend their answer, which was allowed by the court. The amended answer filed in the district court is substantially the same as that filed in the justice court, with the exception of the prayer, which is as follows: "Wherefore defendants ask the court to decree and adjudge that said deed is fraudulent and void, and set aside and cancel the same, and for costs of suit, and for such other and further relief as to the court seems equitable and right."

The cause was tried in the district court *de novo*. The judgment of the justice court was affirmed. Motion for a new trial was duly filed, considered, and overruled by the court. To the overruling of the motion for a new trial, and to the judgment of the court, the defendants duly excepted, and bring the cause here on appeal.

Opinion of the court by

HAINER, J.: This action was brought under section 480b of the Statute of 1893, which provides: "Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same, and if it

be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, or that the same, after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof." No question of title is involved in this case. The only question to determine in an action of this character is, who was entitled to the immediate possession of the premises at the time the action was commenced? To maintain this action, the plaintiff must have a clear right of possession at the time the notice to quit and vacate the premises is given.

In the case of *Olds v. Conger,* 1 Okla. 232, 32 Pac. 337, the court laid down this rule: "In an action of forcible detainer, the title of the property is not, and cannot be, tried and determined. The right of possession is the only right involved." It was also decided in this case that, before a lessee could set up a claim to the leased premises which is adverse to the lessor, he must first surrender the possession obtained under the lease, and then assert his right in a proper action. The first defense by the appellants was a general denial, which put in issue everything material to be determined in this action. The special defense set up the claim that the right of possession of the appellee was based upon a certain instrument, which was denominated a "trust deed" or "life lease," which was executed by the appellants to the appellee on the 4th day of November, 1895, and that said instrument was executed under certain false and fraudulent representations by the appellee to the appellants, and for that reason said instrument was and is absolutely null and void, and the appellee could claim no right by virtue of said instrument.

The execution of the instrument is admitted by appellants, but they seek to avoid it on the ground of fraud, and it is contended that it is a proper defense to this action.

For the purpose of this action it is immaterial whether this instrument is a deed of trust or a lease during the natural life of the appellee. There were no conditions or reservations made in this instrument that the appellants were to continue in possession of the premises. It was not contended that the appellants unlawfully and forcibly entered upon the land in controversy. But it is contended that they are unlawfully and wrongfully withholding the possession of said premises after they have been given notice to quit and vacate the same as required by law. An action of forcible detainer is purely a proceeding at law, and does not and cannot involve the exercise of equitable jurisdiction. Where the defendants plead a special defense in their answer, alleging that the plaintiff's right of possession is based upon a certain instrument, denominated a "trust deed," executed by the defendants to the plaintiff, and as a defense to the action the defendants aver that such instrument is void because the plaintiff had made certain false and fraudulent representations in procuring the deed, the equitable powers and jurisdiction of the court cannot be invoked for the purpose of determining the title to the land in controversy, or to annul or cancel the so-called trust deed. The evidence in this case shows that the appellants were in possession of the premises as the tenants of Enslow, and that they were seeking to set up an adverse title, and to hold over in violation of the verbal lease made by C. C. Dysart, and also in express

violation of the terms and conditions of the life lease or deed of trust. The testimony shows that Enslow was to receive a portion of the crops as rental for the use of the premises. We think the evidence clearly shows the relation of landlord and tenant between these parties, and that the appellants are seeking to avoid the terms of the lease by alleging fraud, which they sought to prove in this action. We think any testimony admitted at the trial tending to show that the life lease or deed of trust was made fraudulently was not competent testimony in this proceeding.

In the case of *Kellogg v. Lewis*, 28 Kan. 535, Chief Justice Horton, speaking for the court, lays down the following rule: "An action of forcible detainer does not involve the exercise of equitable jurisdiction, but is a law proceeding; and where a defendant has entered into the possession of premises under a written lease, which has not terminated by limitation or the mutual agreement of the parties, the plaintiff cannot in such an action call into exercise equity powers, and ask restitution upon the grounds that the defendant has forfeited his right to hold possession by committing waste upon the premises, by failing to keep the same in repair, by selling and devoting to his own use the undivided stock placed in his care, or by his neglect to keep and care for the stock according to the terms of the lease."

A person may be the owner of the absolute title, both legal and equitable, of a tract of land, and yet not entitled to the possession thereof. In this case, even if the appellants had conclusively shown that they were both the legal and equitable owners of the premises, yet if it was shown that they had made and executed a lease

whereby Enslow was to have the absolute control of the land for life, or for a certain period, while the instrument was in full force and effect, he would be entitled to the peaceable possession of the premises. We think, clearly, that under the evidence in this case the appellants were estopped from setting up any right or claim adverse to the appellee, and that before they can bring an action to annul or cancel the deed of conveyance they must surrender the possession of said premises to Enslow.

The entire evidence which was offered by the appellants in support of the allegations of fraud as pleaded in the answer and amended answer was incompetent, and not admissible, because the court had no equitable jurisdiction to try and determine these questions in this action. Had a demurrer been interposed to the special defense, the court would have properly sustained it.

This question was before the supreme court of Michigan in 1895, involving the right of possession of a certain tract of land. It appears that in October, 1893, the defendants executed and delivered to the plaintiff a deed to a certain tract of land. The deed contained the following proviso: "Parties of the first part reserve the use of said described lands until April 1, 1894." After said date, defendants refused to vacate, and summary proceedings were commenced before a circuit court commissioner to oust them. To establish her right of possession, the plaintiff produced her deed. The defense was that the plaintiff procured the deed by fraudulent misrepresentation. The court held that in a summary proceeding to recover the possession of the land the deed purporting to convey the premises in question is admis-

sible to show plaintiff's right of possession, and the defense of fraud in the procurement of the deed by plaintiff is not available in summary proceedings to recover possession of the land. (*Gale v. Eckhart*, 65 N. W. 274; *Paldi v. Paldi*, 54 N. W. 903; *Moran v. Moran*, 63 N. W. 989.)

In *Moran v. Moran, supra*, the court said: "In the present case the deed is *prima facie* valid. It conveys perfect legal title, and its effect can be avoided, if at all, only upon equitable grounds." It appeared in this case that the deed was collusively given in execution of a land contract, possession of which was surreptitiously obtained in the absence of the party holding it. It was held that this deed was not absolutely void in law as for fraud, as it passed the legal title to the grantee named, and the contract purchaser could not cause it to inure to himself except by showing his equitable right and title as against the grantee, and this showing could not be made in an action of ejectment.

In the case of *Paldi v. Paldi, supra*, the court said: "It is claimed that Justin L. Paldi obtained the deed from the mother of the defendant by fraudulent representations. This defense cannot be made in an action of ejectment."

The principle enunciated in these cases has been asserted by this court in the case of *Olson v. Thompson*, 6 Okla. 576, 52 Pac. 388, and we think the doctrine laid down in this case by our supreme court is applicable to the case at bar. This case was an action in replevin, involving the possession of a note. Mr. Justice Tarsney, delivering the opinion of the court, said:

"In this case plaintiff in error based his right of pos-

session of the note upon a claim that he executed the note and delivered it to the defendant under menace of duress. If this were true, it would not make the note void; for it is not the law of this Territory that contracts to which the party obligated has not freely given his consent, or which have been obtained through duress or menace, are void, but contracts so obtained are valid unless rescinded in the manner provided by statute. They are simply voidable, not void. (St. 1893, ch. 16, art. 1, secs. 7, 8.) So long as the note was voidable only, and not void, the payee, not the maker, was entitled to the possession. The plaintiff in error may have a right to have this note canceled, but he has no right to the possession of the note until such cancellation has been decreed. The distinction between law and equity has not been abolished in this Territory. The modification as to the form of action and the change effected is embraced in section 3882 of the Statutes ot 1893, which provides 'that the distinctions between law and equity suits, and the forms of all such actions and suits heretofore existing are abolished, and in their place there shall be hereafter but one form of action which shall be called a civil action.' The principles of equity are as deeply imbedded in our laws as though no such code provision existed, and he would be regarded as a rash legislator who would propose the entire elimination of equity from our jurisdiction. Nothing but disaster could result from a change so radical. The elimination of distinctions in forms of actions does not change rights of property, nor change any right to possession of property."

We think the evidence is sufficient to sustain the judgment of the court below, and that no error was committed affecting the substantial rights of the appellants in the trial of this cause. The judgment of the district court is therefore affirmed.

All of the Justices concurring.