## EWERS v. KILGORE.

No. 2393.   Opinion Filed March 11, 1913.

Rehearing Denied May 22, 1913.

(130 Pac. 938.)

1.   JUSTICES OF THE PEACE—Appeal to Superior Courts—Trial De Novo. The superior courts of the state have jurisdiction to hear and determine de novo causes appealed from justices of the peace.

2.   SAME—Remand of Cause. Where, on an appeal from a judgment of a justice of the peace, in an action for the recovery of rent due for the use of real estate, it is apparent from the evidence that the title of the land is in dispute or called in question, the court should refuse to take further cognizance of the case and remand the same to the justice of the peace court, with directions to proceed in accordance with section 6276, Comp. Laws 1909 (Rev. Laws 1910, sec. 5357).

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;
Farrar L. McCain, Judge.* ·

Action by H. C. Ewers against John B. Kilgore. Judgment for defendant, and plaintiff brings error. Modified and affirmed.

*Samuel E. Gidney,* for plaintiff in error.

*Baker, Pursel, Gavin & Leith,* for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, before a justice of the peace, for the purpose of recovering a certain sum alleged to be due plaintiff from the defendant for the use of certain real estate. Upon trial before the justice of the peace, there was judgment for the plaintiff, from which judgment the defendant appealed to the superior court of Muskogee county, where the judgment of the justice of the peace court was reversed, and the cause remanded, with directions to dismiss the same.

There are two questions presented by counsel for plaintiff in error in their brief: (1) The superior court was without jurisdiction to hear and determine this cause, and erred in overruling plaintiff's motion to dismiss the appeal. (2) The court erred in refusing to allow plaintiff to introduce evidence attacking the validity of the lease under which defendant claimed to hold, and in sustaining the objections of the defendant in error to the introduction of such evidence.

In our judgment, the superior courts of the state have jurisdiction to hear and determine *de novo* causes appealed from justices of the peace. The Constitution clothed the county courts with jurisdiction over such appeals, "until otherwise provided by law." Section 1966, Comp. Laws 1909 (Rev. Laws 1910, sec. 1798), of the act which created the superior courts provides:

"Every such court shall have and exercise concurrent jurisdiction with the district court in all proceedings, causes or matters, and concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate."

In *Oklahoma Fire Insurance Co. v. Phillip,* 27 Okla. 234, 111 Pac. 334, it was held:

"A case pending on appeal in a county court from a judgment of a justice of the peace, may be transferred on mo-

tion of plaintiff to a superior court, and held, tried, and determined by it."

In discussing the question involved in that case, after quoting the part of the statute above set out, Mr. Chief Justice Dunn says:

"In the section of the statute last referred to, there is no limitation whatsoever upon the character of the jurisdiction taken by the superior court under this act, with the exception of matters of probate. In all other things, aside from matters of probate, the superior court has jurisdiction identical with the county court, in matters within that court's jurisdiction."

As the county courts had jurisdiction over appeals from justices of the peace prior to the creation of the superior courts, it follows that upon the creation of the superior courts, "with jurisdiction identical with the county court, aside from matters of probate," that as the case at bar does not involve a matter of probate, the superior court must have appellate jurisdiction over it.

The second question also seems to have been settled by a former decision of this court (*Marshall v. Burden*, 25 Okla. 554, 106 Pac. 846), wherein it is held:

"Where it is apparent from the evidence or from an agreed statement of facts, made in an action pending in the county court, that the title of land is in dispute or called in question, the court should refuse to take further cognizance of the case, and should, by reason of the provisions of section 12, art. 7, Const., dismiss the same for want of jurisdiction."

As the Constitution, sec. 18, art. 7, provides that justices of the peace in a certain class of cases shall have jurisdiction "concurrent with the county court," it follows that that case is exactly in point here, except that, under another statute applicable to justices of the peace alone, the appeal therein should not be dismissed. Both are actions for rent alleged to be due for the use of real estate, and in both it transpired that, in order to determine the question involved, it was necessary to call in question the title of the land.

Section 6276, Comp. Laws 1909 (Rev. Laws 1910, sec. 5357), provides:

"If in any action commenced before a justice it appears to the satisfaction of the justice that the title or boundaries of land is in dispute in such action, said justice shall, within ten days thereafter, certify said case, and transmit all papers and process therein to the clerk of the district court of his county, and said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein; the justice before whom said action is commenced shall require of the defendant setting up said title or boundary, to set forth in his answer or bill of particulars a full and specific statement of the facts constituting his defense of said title or boundary brought in question; and the defendant shall be required to make affidavit of the truthfulness of the statements in his said answer or bill of particulars contained, and that said defense is *bona fide* and not made for vexation or delay, but for the promotion of justice."

As that section of the statute does not seem to be repugnant to any provision of the Constitution, and is not locally inapplicable, we think the proper action of the court below would have been to dismiss the appeal and remand the cause to the court below, with directions to proceed in conformity with its provisions. As thus modified, the judgment of the court below is affirmed.

HAYES, C. J., and TURNER, J., concur; WILLIAMS and DUNN, JJ., absent.