## McHENRY v. GREGORY.

No. 7052. Opinion Filed April 25, 1916.

(156 Pac. 1158.)

1. **JUSTICES OF THE PEACE—Jurisdiction—Title to Realty.** Under the Constitution and statutes of Oklahoma a justice of the peace court has no jurisdiction to try title to real estate.

2. **SAME—Appeal.** In an action of unlawful detainer filed in a justice court. where it becomes necessary to try the title to real estate in order to decide the right of possession. the justice loses jurisdiction of said action. and neither the county court nor this court on appeal acquires jurisdiction to try the title to the property involved.

(Syllabus by Hooker, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by A. A. Gregory against D. D. McHenry. Judgment for plaintiff, and defendant brings error. Dismissed, and cause remanded.

*Philip E. Winter,* for plaintiff in error.

*Estes & Moore,* for defendant in error.

Opinion by HOOKER, C. On January 13, 1913, the real estate involved was owned and leased by one Harrah to McHenry from February 1, 1913, to January 31, 1914. On January 29, 1913, Harrah sold and conveyed the property to Gregory. About December, 1913, some of the creditors of Gregory sold the real estate under executions issued upon judgments then in existence against Gregory, and at the execution sale the property was sold to W. A. McKee, which sale was on the 22d of December, 1913, confirmed, and a deed made by the sheriff to McKee, whereupon McKee notified McHenry that Gregory no

longer had the title to the property, but that he (McKee) was the owner thereof by virtue of the sheriff's deed, and McHenry thereafter recognized him as his landlord, and refused to recognize Gregory. At the expiration of the original lease, to wit, January 31, 1914, Gregory served McHenry with the proper notice, and on the 6th of February, 1914, instituted in the justice's court an action in unlawful detainer against McHenry to recover possession of the property. Judgment was rendered in favor of Gregory, from which judgment McHenry appealed to the county court, and Gregory again recovered judgment for possession of the property, and the appeal is had to this court by McHenry to reverse the action of the county court.

This property was leased at the time it was purchased by Gregory, and the actual occupancy of the property by Gregory was prevented by virtue of the lease to McHenry, and subsequently prevented by the sheriff's deed to McKee and his recognition of McKee as the owner of the property. There are several questions involved in this case: (1) Whether the county court had jurisdiction of the appeal from the justice of the peace by reason of the execution of the bond in the manner and form stated; (2) whether McHenry, having been a tenant of Gregory, could deny his landlord's title, or whether it was permissible for McHenry to attorn to McKee as his landlord without surrendering possession of the property to Gregory; (3) what effect should be given to the sheriff's deed held by McKee to the property; (4) whether Gregory, having purchased the property for a homestead, and never having actually occupied it, was entitled to claim a homestead in

said property so as to defeat the operation of the sheriff's deed.

As we view the law of this case, it is absolutely unnecessary to decide these questions. While it is true that under the Constitution and laws of this state a justice of the peace has exclusive original jurisdiction in actions for unlawful detainer, still, where the title to real estate is involved, a justice of the peace has no jurisdiction, and in all actions of this character where it becomes necessary to try the title to the real estate involved in order to determine the right of possession, a justice of the peace court loses jurisdiction of said action. In the instant case an examination of the facts discloses that McKee claimed to be the owner of the property involved by virtue of his sheriff's deed, and McHenry asserted that he was McKee's tenant at the time of the institution of this action, and that the title which Gregory once had to the property had been divested from him by operation of law, and that said title then reposed in McKee, and in order to obviate the effect of the sheriff's deed Gregory asserted that the property was a homestead, and that the execution sale of said property and the execution of the deed thereto were void under the law of the State of Oklahoma.

This court, in the case of *Northcutt v. Bastable,* 39 Okla. 130, 134 Pac. 426, held:

"In order for plaintiff to recover under the facts of this case, the court below must have adjudicated the rights of the parties under these various leases. This, in fact, in effect, was partially done by the overruling of defendants' objection to the introduction in evidence of plaintiff's leases and by the refusal of the court to permit the introduction in evidence of defendants' Exhibits A and E. The validity of defendants' lease from Davis for a year made

on   or about December 21, 1910, must also of necessity have been considered and determined.   Davis, from the undisputed evidence, is claiming under color of title, and the amount and value of his leasehold interest was a matter the trial court was bound to consider, and which, by the exclusion of the testimony above alluded to, evidently was considered. * * * This evidence was erroneously considered for the ostensible purpose of determining the right of possession; yet by so doing the rights of the parties under the leases were adjudicated.   'What the court is asked to do in this action is to determine, not only whether the plaintiff in error has unlawfully and by force withheld possession from defendant in error, but also to determine which of the two parties has the right of possession by determining who in fact at the present time has the leasehold estate in the lands in controversy.'   This the lower court could not do."

And the fifth paragraph of the syllabus of this case is to this effect:

"A justice court, in an unlawful detainer action, cannot determine which of the parties has a right of possession by determining who, in fact, at the time of the trial has the leasehold estate in the lands in controversy."

This court also, in *Link v. Schlegel,* 33 Okla. 461, 126 Pac. 577, says:

"The facts in the case at bar do not bring it within any of the provisions of this section.   Under the last clause of the section, a plaintiff having the right of possession, although not having the actual possession, may maintain the action, after defendant occupies the lands * * * without any color of title.   Right of possession alone is essential to his maintenance of the action. * * * But plaintiff in error in this case is not without color of title.   He holds the written paper title to the leasehold estate. If we assume that there has been such a part performance as to take the contract of assignment out of the statute of frauds, plaintiff in error still holds the paper title to the

leasehold estate; and what the court is asked to do in this
action is to determine not only whether plaintiff in error
has unlawfully and by force withheld possession from de-
fendant in error, but also to determine which of the two
parties has the right of possession by determining who in
fact, at the present time, has the leasehold estate in the
lands in controversy. Plaintiff in error therefore is not
without color of title, and to try this action would require
a court to try the title to the lease, which it is not author-
ized to do."

In the case of *Gross v. Baker*, 47 Okla. 361, 148 Pac.
736, this court says:

"Under the foregoing evidence can Baker herein main-
tain this action? In order for plaintiff to recover it was
necessary for the court to determine the respective rights
of the parties under their different leases, and to determine
who, in fact, had the leasehold estate in said premises.
This the court, in effect, decided in passing upon the ob-
jection to the introduction of defendant's testimony, where
he evidently held defendant's deeds and leases and receipt
for rent to be void, and therefore not admissible in evi-
dence, and also determined plaintiff's leases to be valid, and
plaintiff's rights thereunder superior to the rights of de-
fendant. * * * It has already been seen that the
court, in an action of this kind, is without jurisdiction to
determine the title of respective parties to the premises,
but may receive evidence thereof for the purpose of de-
termining the nature of defendant's possession and of
plaintiff's right to possession of the premises, and, if it
should be made to appear, as defendant's evidence which
was excluded tended to prove, that the plaintiff entered
peaceably under claim of right, and retained possession
under certain leases, deeds, and rental contracts made with
the owner of the land, and that plaintiff's right to the pos-
session does not grow out of the relation of landlord and
tenant between plaintiff and defendant, but it is founded
upon lease contracts with the allottee under which he has

McHenry v. Gregory.

never been in possession, and to which the defendant in the case is not privy, we think there could be presented a case under the facts of which the plaintiff could not maintain his suit, because it would become necessary for the court in the decision of the case to determine the validity of respective leases and rental contracts of the parties, and to determine who was the rightful owner of the leasehold estate in the premises at the time of the trial. This the court could not do in this action."

Applying the authorities above quoted to the facts in this case, it is apparent that for the court to determine who is entitled to possession of this property it is necessary for the court to decide the validity of the sheriff's deed relied upon by McHenry which purports to convey the title of Gregory to McKee, and to determine what effect the claim of a homestead asserted by Gregory to the property could have upon the sheriff's deed aforesaid. This necessarily involves the determination of the title of this property, and therefore it follows that a question of title is involved in this action.

The failure of a defendant to file the affidavit provided by section 5357, Rev. Laws 1910, cannot invest jurisdiction in the justice court in actions of this nature.

Under the authority of this court in *Ewers v. Kilgore,* 38 Okla. 196, 130 Pac. 938, this appeal should be dismissed, and this cause remanded to the county court of Oklahoma county, with instruction to proceed in conformity with this opinion.

By the Court: It is so ordered.