## FAUST v. FENTON.

No. 8498—Opinion Filed June 10, 1919.

(Syllabus by the Court.)

**1. Forcible Entry and Detainer—Issues— Possession.**

In an action for forcible entry and detainer, the only issue for trial is the right of possession, and not the title to the land.

**2. Appeal and Error—Harmless Errors.**

Record examined, and held, that it does not appear that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of any constitutional or statutory right.

Error from County Court, Woodward County; Clyde H. Wyand, Judge.

Action for forcible entry and detainer by Frank L. Fenton, administrator of the estate of B. F. Fenton, deceased, against George Faust. Judgment for plaintiff in justice's court, and, on defendant's appeal, there was a judgment against him, and he brings error. Modified and affirmed.

C. W. Herod, for plaintiff in error.

R. H. Nichols and S. M. Smith, for defendant in error.

KANE, J. This was an action for forcible entry and detainer, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, before a justice of the peace. The justice of the peace rendering judgment in favor of the plaintiff, the defendant appealed to the county court, where judgment was also rendered against him, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The errors relied upon by counsel for defendant, as we gather from his brief, may be summarized as follows: (1) The trial court erred in striking out defendant's amended bill of particulars and answer. (2) The court erred in denying defendant's motion to make one Snyder a party defendant to the action. (3) The court erred in overruling defendant's motion to withdraw the notice to quit from the consideration of the jury. (4) The court erred in sustaining certain objections to certain evidence offered by the defendant. (5) The court erred in overruling certain objections made by the defendant to evidence offered by the plaintiff. (6) The court erred in giving certain instructions which were excepted to by defendant. (7) It was error of the court in instruction No. 5 to say that the damages were fixed by our statute at double the rental, and the court in instruction No. 7 gives the jury a rule that conflicts with instruction No. 5.

When we consider that, in an action for forcible entry and detainer, the only issue for trial is the right of possession, and not the title to the land, we are satisfied that this case was properly tried upon the only issues that could be presented, and that none of the errors complained of constitute reversible error, with the possible exception of the last assignment, which it will not be necessary to notice on account of a remittitur filed in this court by the prevailing party, disclaiming any right to a judgment for damages.

It will be observed that all of the errors assigned belong to the class enumerated in section 6005, Rev. Laws 1910, which provides that no judgment shall be set aside or new trial granted upon such grounds, unless in the opinion of the court, after an examination of the entire record, it appears that errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.

After an examination of the entire record,

we are convinced that this case was properly tried and decided by both the justice of the peace and county court.

On account of the remittitur hereinbefore referred to, it is not necessary to review the last assignment of error, predicated upon the instruction given by the court upon the question of the measure of damages. In pursuance of the remittitur, the part of the judgment allowing recovery of damages will be set aside, and, as thus modified, the judgment will be affirmed.

OWEN, C. J., and RAINEY, HARRISON, and JOHNSON, JJ., concur.