## DAVIS v. MAYES.

No. 15355—Opinion Filed Sept. 22, 1925.

1. **Forcible Entry and Detainer — Justices of the Peace—Jurisdiction — Title to Realty—Appeal.**

   Where, on appeal from the justice of the peace court to the county court, in a forcible detainer action, it is apparent from the evidence that the title of land (five-year-leasehold estate) is in dispute or called in question, the court should refuse to take further cognizance of the case and remand the same to the justice of the peace court with directions to proceed in accordance with section 901, C. O. S. 1921.

2. **Same—Disposition of Cause.**

   Record examined, and held, that, under the evidence, the title to the leasehold estate is thus called in question, and that the judgment should be reversed and the cause remanded for further proceedings.

   (Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Mayes County; Ernest R. Brown, Judge.

Action by R. L. Mayes against R. L. Davis. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded, with directions.

Henry L. Burris, for plaintiff in error.

Langley & Langley, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. In 1921, plaintiff, by contract in writing, leased from John Blackbird, the owner, certain 20 acres, together with other real estate, for five years for a stipulated gross sum paid in advance upon the execution of the lease. It is undisputed from the record that plaintiff thereafter took possession of the 20 acres, and thereafter built a fence by which same was placed in the field with and contiguous to the land belonging to his brother, Adair Mayes, and orally agreed with his brother that the latter might have the interest of plaintiff in such 20 acres, under plaintiff's lease, if such brother would pay to plain-

tiff the proportionate share of the consideration which plaintiff had paid to Blackbird; that said brother, Adair Mayes, so orally agreed and took possession of such 20 acres, and thereafter traded his farm, together with his leasehold rights under such oral contract in such 20 acres to defendant, Davis, and put the latter into possession. Shortly after defendant had taken possession of the 20 acres, plaintiff advised him, in substance, that the brother of plaintiff, Adair Mayes, had not paid plaintiff for same; that defendant, Davis, might step into the shoes of such brother and by such payment be entitled to have same. On refusal of defendant so to do, plaintiff brought unlawful detainer in the justice of the peace court. From a judgment in favor of plaintiff, defendant appealed to the county court where judgment was also for plaintiff, from which defendant now appeals.

Defendant filed cross-petition which, though imperfectly pleaded, tended to raise the issue of title to the leasehold. This was stricken by the court, but the following appears from the evidence of both parties adduced under the general denial of defendant: That there was some oral agreement between plaintiff and his brother, Adair Mayes, whereby the latter was to acquire title to the leasehold estate in so far as it covered the 20 acres in controversy; that the two brothers executed a note to the bank for or to procure the money with which to pay Blackbird the consideration for the five-year leasehold estate covering the 20 acres in controversy and other ten acres held by plaintiff; that pursuant to such agreement, plaintiff placed his brother, Adair Mayes, in possession of the 20 acres in controversy, and permitted him to sublease such 20 acres to one Sanders for the year 1921; that defendant, Davis, after being placed in possession of said 20 acres by said Adair Mayes in 1921, collected the rents from Sanders for 1921, and also collected the rents for 1922. While the evidence tends to show that the plaintiff paid said joint note at the bank, and that Adair Mayes did not pay plaintiff the proportionate share thereof as agreed for such 20 acres, it may be that, nevertheless, the relation of debtor and creditor may have existed between plaintiff and his said brother as to such amount, and that the equitable title to the leasehold estate in such 20 acres passed to Adair Mayes and inured to defendant under the exchange of property between Adair Mayes and defendant. Of course, we do not so hold, but we do hold that it was apparent

from the evidence, that the title of the land (leasehold in such 20 acres) was thereby called in question, under the authority of Ewers v. Kilgore, 38 Okla. 196, 130 Pac. 938. It is well settled that in an action of forcible detainer, the title of the property cannot be tried and determined. The right of possession is the only right involved. Dysart v. Enslow, 7 Okla. 386, 54 Pac. 550. In order to determine the right of defendant to the possession of the 20 acres, it became necessary to try the title of said Adair Mayes thereto. In McHenry v. Gregory, 57 Okla. 435, 156 Pac. 1158, it is held that in an action of unlawful detainer filed in the justice court, where it becomes necessary to try the title to real estate in order to decide right of possession, the justice loses jurisdiction of said action, and neither the county court, nor this court on appeal, acquires jurisdiction to try the title to the property involved. In that opinion it is stated that the failure of a defendant to file the affidavit, for such purpose provided by statute, cannot vest jurisdiction in the justice court in actions of this nature.

It is unnecessary to consider other assignments. Under the authority of this court in the McHenry Case, let the judgment be reversed and the cause remanded to the county court of Mayes county, with instructions to remand same to the justice of the peace court for further proceedings under section 901, C. O. S. 1921.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 853, § 604. (2) 35 Cyc. p. 853, § 604.