## SCISSEM v. BRADLEY.

No. 21751. Jan. 16, 1934.

Twine & Twine, for plaintiff in error.

S. E. Gidney, for defendant in error.

RILEY, C. J. This is an appeal from a judgment for plaintiff in an action in unlawful detainer.

The contention of plaintiff was that defendant was his tenant, and lawfully entered into possession of the premises involved. That the tenancy was from month to month, and that in November, 1929, the said tenancy was terminated by plaintiff by serving written notice on defendant to deliver up possession of the premises within five days, or pay the sum of $50. claimed to be due as rent on said premises from July 1, to December 1, 1929, and that defendant failed to pay said rental. After failure to pay the claim of plaintiff, defendant refusing to vacate, the three-day notice to quit was served and thereafter this action was commenced.

Defendant appeared in the justice court and filed his answer by a general denial, claiming ownership in himself, and alleging want of jurisdiction in that court, and requested that said cause be transferred to the district court. The request being denied, the cause was tried to the justice of the peace without a jury, and judgment was rendered for plaintiff.

Defendant appealed to the district court and there moved for a dismissal for want of jurisdiction because the title to the land was involved. The motion was denied, and the cause was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant brings this appeal.

Defendant contends that the district court was in error in assuming jurisdiction and in refusing to dismiss said cause. He insists that the cause should have been certified to the district court by the justice of the peace court immediately upon the filing of his claim of ownership. In support of this contention, he cites Northcutt v. Bastable, 39 Okla. 124, 134 P. 423; Ewers v. Kilgore, 38 Okla. 196, 130 P. 938; McHenry v. Gregory, 57 Okla. 435, 156 P. 1158; Gross v. Baker, 47 Okla. 361, 148 P. 734; Link v. Schlegel, 33 Okla. 458, 126 P. 576, and three other cases.

It seems to be well settled that an action in forcible entry and unlawful detainer, or an action in unlawful detainer, is not such action as may be certified to the district court under the provisions of section 901, C. O. S. 1921 [O. S. 1931, sec. 867].

In MacDonald v. Stiles, 7 Okla. 327, 54 P. 487, it is held:

"The statute authorizing a justice of the peace to certify a cause to the district court for trial whenever the title or boundaries to real estate are put in issue, has no application to forcible entry or unlawful detainer proceedings, for the reason that title or boundaries as contemplated by said statute cannot be put in issue in such proceedings."

In Deninger et ux. v. Gossom, 46 Okla. 596, 149 P. 220, this court after quoting section 6276, Comp. Laws 1909, the same being section 901, C. O. S. 1921 [O. S. 1931, sec. 867], said:

"This is a distinct and separate statute from the Unlawful Entry and Detainer Act, and has no application thereto."

The reason for the rule is well stated in MacDonald v. Stiles, supra, quoted with approval in Cope v. Braden, 11 Okla. 291, 67 P. 475, as follows:

" 'We are satisfied that it was never the intention of the Legislature that any question other than that of the right to possession should be tried in this class of cases. It was the purpose to provide a speedy and inexpensive mode of restoring possession of real estate to the one rightfully entitled to the same. By putting title in issue, and certifying the case to the district court, all the purposes and ends to be attained by this form of remedy and the evils to be corrected are defeated, and the action becomes one to try legal and equitable titles, and delays the determination of possessory rights. Upon neither sound reason nor principle can the practice be sustained of converting a possessory action into one of ejectment, or one in equity to declare a resulting trust and decree conveyances of legal titles. There are appropriate forms of action and proper forms provided for the trial of all this class of cases, and the ends of justice will be much better subserved if the remedy intended to be provided for the unlawful withholding of possession of real estate is confined to the purposes for which it was originally designated."

Olds v. Conger, 1 Okla. 232, 32 P. 337; Vansellous v. Huene, 26 Okla. 243, 108 P. 1102; Bilby et al. v. Stewart, 39 Okla. 451, 135 P. 931; Bilby v. Bean et al., 42 Okla. 53, 137 P. 691; McDonald v. Stiles, supra; Faust v. Fenton, 75 Okla. 68, 181 P. 940; Jones v. Stewart, 13 Okla. 711, 76 P. 154, and many other cases hold that in an action in forcible entry and detainer or in unlawful detainer, the question of title cannot properly arise or be tried.

The relation of landlord and tenant did not exist in any of the cases cited by plaintiff in error, and they are not applicable here.

Therefore, it was not proper that the justice of the peace should certify the case to the district court, and it was not error for the district court to refuse to remand the case or to dismiss it.

The trial court very properly restricted the question to that of the right of possession, and this was made to depend upon whether or not the relation of landlord and tenant existed between plaintiff and defendant. Plaintiff presented evidence tending to show that after he acquired an interest in the property, whatever that may be, defendant recognized such right and recognized plaintiff as his landlord and agreed to pay him rent at the rate of $9 per month, and did pay such rental for one month and failed to pay further rent, and that plaintiff terminated the tenancy by proper notice before commencing this action.

Defendant in his testimony specifically denied the agreement to pay rent, and the court submitted the case to the jury under instructions limiting the issues to the question of whether or not the relation of land-

lord and tenant had existed and told the jury:

"Before the plaintiff can prevail in this action the plaintiff must establish by a fair preponderance of the evidence the fact that he claims some right to the property, it don't make any difference what right, and that under that claim or right he made a contract with the defendant to rent the property to the defendant. If such contract was entered into, then the defendant became the tenant of the plaintiff and the plaintiff became the landlord of the defendant. * * *

"The only issue in this case for your determination is as to whether or not a contract was entered into by and between the plaintiff and the defendant whereby the defendant became the tenant of the plaintiff, as claimed by the plaintiff. That is the only issue in this case for your consideration and determination."

The instructions were not excepted to, and they fairly stated the law applicable.

By reason of section 1050, C. O. S. 1921 [O. S. 1931, sec. 920], a judgment in forcible entry and detainer action is not res adjudicata as to an action to try title. Penney v. Walters, 121 Okla. 280, 249 P. 736.

There being no error, the judgment is affirmed.

CULLISON, V. C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.