## CODDINGTON v. ANDREWS.

No. 26244. Jan. 26, 1937.

64

Morris & Wilhite, for plaintiff in error.

H. W. Morgan, for defendant in error.

PER CURIAM. This is an action in unlawful detainer originally instituted in a justice court of Caddo county by George T. Andrews, hereinafter referred to as plaintiff, against Martin Coddington, hereinafter referred to as defendant. The defendant did not contest the action in the justice court, but permitted judgment to be rendered in favor of the plaintiff. The defendant then took an appeal to the district court, where without filing any pleading in the action he defended under the claim of a vendee in possession under an executory contract of sale. The cause was tried to the court without the intervention of a jury, and the plaintiff again was given judgment. The defendant appeals from the judgment thus rendered and the order overruling his motion for new trial. The defendant assigns as error the overruling of his motion for new trial, the rendition of judgment for the plaintiff, and exclusion of certain evidence offered by the defendant.

There is no material dispute regarding the facts. On June 9, 1933, the plaintiff and defendant entered into a written lease agreement whereunder the relation of landlord and tenant was created, and the defendant took possession of the premises in controversy as tenant. This lease by its terms was to expire on December 31, 1933, and could be extended only by the written agreement of both parties. On June 10, 1933, the parties entered into a sale contract whereby the plaintiff agreed to sell and the defendant to purchase the premises in controversy at and for the sum of $1,600, the transaction to be completed prior to September 10, 1933. The parties did nothing under the above-mentioned sale contract, and on September 15, 1933, they again entered into another contract whereby the sale contract of June 10, 1933, was expressly rescinded, abrogated, and terminated and the lease contract of June 9, 1933, was reinstated, reaffirmed, and reacknowledged, and at the same time the defendant was given an option until January 1, 1934, to purchase the premises. This option was not exercised, but the defendant continued in the possession of the premises after the expiration of his term. The defendant was endeavoring to obtain a loan from the Federal Land Bank at Wichita with which to make a purchase of the property, and in this connection on February 24, 1934, the plaintiff executed a quitclaim deed and placed it in the hands of Dewey Hodges to be held and delivered to the defendant on payment of the purchase price. The defendant made no payments to the plaintiff and did nothing to complete the transaction, and thereupon the plaintiff reclaimed the deed, served notice for possession, and subsequently instituted this action on March 19, 1934. The defendant sought to prove by secondary evidence a written agreement between the plaintiff and the Federal Land Bank of Wichita whereunder the plaintiff had agreed to accept the purchase price and place a deed in the First National Bank of Anadarko to await the outcome of the negotiations between the defendant and the Federal Land Bank. It is apparent from the foregoing statement that the controversy resolves itself into a question of whether the possession of the defendant was that of a tenant under his lease contract or whether he had acquired possession under a parol contract of purchase and sale.

An unlawful detainer action is purely a proceeding at law and cannot involve the exercise of any equitable jurisdiction. Cope v. Braden, 11 Okla. 291, 67 P. 475; Anderson v. Ferguson & Zaring, 12 Okla. 307, 71 P. 225. The right of possession is the sole question involved and the only issue that can be determined. Dysart v. Enslow, 7 Okla. 386, 54 P. 550; Vansellous v. Huene, 26 Okla. 243, 108 P. 1102. Exclusive original jurisdiction of the action is vested in the justice court, Section 917, O. S. 1931; McDonald v. Stiles, 7 Okla. 327, 54 P. 487. However, the jurisdiction thus conferred is confined and limited to the situations and parties mentioned in sections 918 and 919, O. S. 1931. The defendant sought to justify his possession under the theory that he was a vendee in possession under an executory contract of sale. While a vendor cannot maintain an unlawful detainer action against his vendee for the possession which such vendee has acquired under a sale contract. (Smith v. Kirchner, 7 Okla. 166, 54 P. 439; Bledsoe v. Peters, 98 Okla. 41, 224 P. 288), yet, as said in Powers v. Myers, 25 Okla. 165, 105 P. 674:

"The mere contention or claim of defend-

ant, or the introduction by him of evidence, to the effect that he is in possession of the premises under a parol agreement to purchase, where the evidence relative thereto is conflicting, is not sufficient to ʹoust the court of jurisdiction to try the right of possession in a forcible entry and detainer action, and the existence of such agreement is a question of fact to be determined by the jury."

That the defendant went into the possession ʹof the premises as a tenant of the plaintiff is undisputed. There was no evidence to show that the character of this possession had ever changed. Under these circumstances all argument relative to the effect of the option agreement and the alleged subsequent parol agreement to convey and the effect the execution of the quitclaim deed had to remove the transaction from the bar of statute of frauds, is extraneous and beside the point. An executory contract of sale, unless it expressly so provides, does not carry with it the right to the possession of the premises prior to the execution and delivery of the deed of conveyance. As previously stated, the defendant sought to introduce in evidence a copy of an application for a loan, the original of which was in the office of the Federal Land Bank of Wichita and beyond the jurisdiction of the trial court but of which proof could have been made by taking depositions. In our opinion this evidence, had it been admitted, would not have been of any probative value. However, it was properly excluded, since the copy offered was not properly identified and authenticated and due proof could have been obtained. Springer v. Cobb, 132 Okʹa. 11, 268 P. 111.

We are of the opinion that the trial court proceeded properly in determining the only justiciable issue presented, that was the question of the right of possession, and that its judgment is amply supported by the evidence and therefore should not be disturbed. Judgment affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.