### McCONKEY v. BRITTAIN et al.

No. 27414.   Oct. 12, 1937.

E. C. Fitzgerald and D. C. DeVilliers, for plaintiff in error.

J. G. Austin, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Ottawa county. The action was instituted by the

defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover a broker's commission. The plaintiffs alleged that their efforts were the efficient and procuring cause of the sale of a lead and zinc mine and that under an oral contract with the defendant they were entitled to receive a commission of $3,750 for their services in making said sale, and for which amount they sought recovery. The defendant admitted the contract, but alleged that it had expired before the sale had been made and that the plaintiffs were neither the efficient nor the procuring cause of said sale, and that therefore he was not indebted to them in any sum. The action was one at law, and a jury was waived and the cause was tried to the court. The court found the issues generally in favor of the plaintiffs and against the defendant and gave the plaintiffs judgment in the sum of $750. The defendant appeals and urges but one ground for reversal, namely, "that the judgment appealed from is not sustained by sufficient evidence and is contrary to law." The defendant tacitly concedes that the plaintiffs were entitled to a commission if they were the efficient and procuring cause of the sale of the mine and if the sale was brought about by their efforts within the effective period of their contract. The evidence upon both issues was in conflict and was resolved by the court in favor of the plaintiffs and against the defendant. The applicable rule in such a situation has been frequently announced by this court and has been most recently expressed in the case of Sutherland v. Lambard-Hart Loan Co., 179 Okla. 486, 66 P. (2d) 523, wherein we said:

"Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal."

There is ample competent evidence in the record here to sustain the judgment, and therefore it will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.