## LYONS v. LYONS.

No. 28614. March 21, 1939.

Rehearing Denied May 2, 1939.

Bruce & Rowan, for plaintiff in error.

Wilson & Wilson, for defendant in error.

HURST, J. This is an unlawful detainer action by S. D. Lyons against his son, Ruby Lyons, to recover possession of the lower floor of a business building in Oklahoma City. The justice court rendered judgment for the plaintiff. The cause was appealed to the district court, where, on a trial de novo and without a jury, judgment was again rendered for the plaintiff. The defendant appeals.

The material facts are these: Defendant has been in possession of the premises since 1925. The evidence on behalf of plaintiff is that defendant went into possession as plaintiff's tenant and paid rent for some time; while defendant testified that he went into possession under an agreement with his mother and denied that he paid rent to his father. Defendant's mother died some years ago, and thereafter defendant and his two sisters filed suit in the district court against his father, claiming that his mother owned an equitable interest in the property at the time of her death and seeking to recover an interest in the same. While that action was pending on appeal in the Supreme Court (see Lyons v. Lyons [1938] 182 Okla. 108, 76 P.2d 887) the plaintiff, on November 23, 1936, gave defendant a five-day notice to terminate tenancy, and gave the three-day notice on July 1, 1937, before filing the present action. The defendant filed an answer claiming an interest in the property by inheritance from his mother and that consequently he is a tenant in common with plaintiff and as such is entitled to possession of the premises, pleading the pendency of the district court action, and that the justice court was without jurisdiction, and

praying that the action be dismissed or certified up to the district court.

1. It is not contended by the defendant that the evidence does not support the judgment, if the court had jurisdiction. There is competent evidence reasonably tending to support the judgment that the relation of landlord and tenant existed, that the tenancy was properly terminated, that plaintiff was entitled to possession, and that defendant unlawfully withheld possession. The defendant testified that he had an agreement with his father, subsequent to the giving of the five-day notice of termination of tenancy, whereby he was permitted to remain in possession, but this was denied by his father. The court was justified in finding that no such arrangement was made and that the relation of the parties did not change between the time of the giving of the five-day notice and the filing of the present action. Under such circumstances, this being a law action (Montgomery v. Hill [1921] 80 Okla. 230, 195 P. 897) tried to the court without a jury, this court will not reverse the judgment of the trial court on the facts. McConkey v. Brittain (1937) 181 Okla. 53, 72 P.2d 348.

This brings us to the legal question of whether in an action by a landlord against a tenant unlawfully withholding possession after expiration of the term, title questions may be injected into the action so as to oust the justice court and the district court on appeal of jurisdiction, by requiring dismissal or certification to the district court under the provisions of section 867, O. S. 1931 (39 Okla. St. Ann. sec. 87). It is now settled that this type of unlawful detainer action is purely possessory, that title questions cannot arise or be tried in it, and that the action cannot be converted into one to try title to real estate by the allegations of ownership in the answer. The only issues involved are the existence of the relationship of landlord and tenant, termination of the tenancy and unlawful withholding by the tenant thereafter. See Olds v. Congor (1893) 1 Okla. 232, 32 P. 337; Dysart v. Enslow (1898) 7 Okla. 386, 54 P. 550; Turnbaugh v. Husselton (1919) 72 Okla. 247, 180 P. 368; Rourke v. Bozarth (1924) 103 Okla. 133, 229 P. 495; Coddington v. Andrews (1937) 179 Okla. 63, 64 P.2d 666. Before defendant could set up an adverse claim to the property, it was necessary that he first surrender to his lessor the actual possession of the premises. Olds v. Congor, Dysart v. Enslow, supra.

For the reason that title questions can-

not arise in this type of action by a landlord against his tenant, and for the further reason that it is provided by statute (section 920, O. S. 1931, 39 Okla. St. Ann. sec. 394) that a judgment in forcible entry and detainer shall not be a bar to any other action, it is held that the action is not one that may be certified to the district court under section 867, supra. Scissem v. Bradley (1934) 167 Okla. 161, 29 P.2d 69.

Defendant relies on Jones v. Seawell (1904) 13 Okla. 711, 76 P. 154; Link v. Schlegel (1912) 33 Okla. 458, 126 P. 576; Ewers v. Kilgore (1913) 38 Okla. 196, 130 P. 938; Northcutt v. Bastable (1913) 39 Okla. 124, 134 P. 423; Gross v. Baker (1915) 47 Okla. 361, 148 P. 734; McHenry v. Gregory (1916) 57 Okla. 435, 156 P. 1158; Davis v. Mayes (1925) 112 Okla. 78, 239 P. 571, as authority for dismissing the action or certifying it to the district court. These cases are inapplicable to the instant case, for the reason that all except the Kilgore Case are a different type of unlawful detainer action, none of them being actions between landlord and tenant. They are actions brought by a plaintiff out of possession against defendant in possession without color of title under the provision of section 919, O. S. 1931 (39 Okla. St. Ann. sec. 393). In those cases **right of possession** and whether defendant is in possession without color of title are the issues, and title may be considered incidentally to determine right of possession. In the instant case the question of title cannot arise. The case of Ewers v. Kilgore is an action for rent, and, as stated in the opinion, "in order to determine the question involved, it was necessary to call in question the title to the land," and it is therefore inapplicable.

2. It is contended that the prior action in the district court involving title precluded the present action in forcible entry and detainer. The action in the district court related only to the title. The instant action relates only to possession. The issues are different, and the pendency of the first is not ground for abatement of the second. Oklahoma Press Pub. Co. v. Gulager (1934) 168 Okla. 245, 32 P.2d 723. See, also, Weisman Holding Co. v. Miller (1922, Minn.) 188 N. W. 732.

Judgment affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.