## COOK et ux. v. RIPLEY CONSOLIDATED SCHOOL DISTRICT NO. 3, PAYNE COUNTY.

No. 28501.    May 9, 1939.

Brown Moore and Guy Horton, for plaintiffs in error.

Thos. A. Higgins, for defendant in error.

OSBORN, J. The board of directors of Ripley consolidated school district No. 3, in Payne county, hereinafter referred to as plaintiff, instituted an action in unlawful detainer against Lee Cook and Mrs. Lee Cook, hereinafter referred to as defendants, in the justice court of C. C. Radabaugh, a justice of the peace in Payne county, wherein it was sought to recover possession of an acre of land located in the southwest corner of section 36, township 18 north, range 3 east, in Payne county. After a change of venue to another justice court was had, defendants filed an application to have the cause removed to the district court on the ground that title to property was involved, which motion was sustained and an order entered removing the cause to the district court. The motion was not resisted by plaintiff school district nor was an effort made to remand the cause to the justice court, but the parties without objection submitted the cause to the district court, and after hearing a judgment was entered in favor of the plaintiff for possession of the premises, and defendants have appealed to this court.

Although the jurisdictional question is not raised by the parties herein, it is well to point out that an action for unlawful detainer is purely a possessory action, title questions cannot arise or be tried therein, and the action is not one which may be certified to the district court under the provisions of section 867, O. S. 1931 (39 Okla. St. Ann. sec. 87). Lyons v. Lyons. 185 Okla. 70, 90 P.2d 391: Scissem v. Bradley, 167 Okla. 161, 29 P.2d 69.

It therefore appears that the cause was improperly certified to the district court, but the application for the transfer was made by defendants, and to reverse this cause upon this ground would be to permit defendants to procure such reversal upon error which they invited. Defendants will not be permitted to complain of such error. See Banta v. Hestand, 181 Okla. 551, 75 P.2d 415.

We recognize the principle that parties cannot confer jurisdiction by agreement, waiver, or consent. That principle is not controlling here, since the district court is not without jurisdiction in forcible detainer cases. Original jurisdiction in such cases is conferred upon justices of the peace (sec. 917, O. S. 1931, 39 Okla. St. Ann. sec. 391), but the district courts are vested with appellate jurisdiction in such cases, and the cause must be tried de novo. Section 3816, O. S. 1931 (20 Okla. St. Ann. sec. 91). The certification of the cause to the district court before a trial was had before the justice court was erroneous, but since defendants are not entitled to take advantage of such error, which they invited. they may not complain of the erroneous method by which the district court procured its jurisdiction. Wheeler v. Smoot, 183 Okla. 447, 83 P.2d 186.

For the purpose of this appeal we will treat the cause as if a trial had been had before the justice of the peace before it was certified to the district court.

It appears that the property involved herein is state school land under the jurisdiction of the Commissioners of the Land Office. Defendants were the owners of a preference right lease upon the entire quarter-section. In 1897 an easement had been procured by school district No. 59 and a school building was erected on the premises which was used for school purposes until the year 1929, at which time school district No. 59 consolidated with Ripley consolidated school district No. 3, the plaintiff herein. Since the consolidation, certain school property was kept in the building and it was used as a community center. About October, 1936, the defendants moved into the schoolhouse. On January 27, 1937, the Commissioners of the Land Office made the following order in the minutes of a meeting held by them:

"One Lee Cook is now the owner of a Preference Right Lease on the SW/4 section 36. twp. 18 N, rge. 3 E. I. M. He bought this lease from Tom Berry and the transfer has been duly recorded. Back in 1897, the Territorial School Land Commission granted an easement on one acre of this quarter section to the Ripley School District and they have a schoolhouse on this one acre which was used for school purposes up until about eight years ago, when the districts were consolidated. A part of the consideration for this consolidation was an agreement on the part of the school district to use this schoolhouse as a community center, and it has been used for that purpose for some time. The present lessee has moved into the schoolhouse and refuses to allow them to hold church and community meetings in the building. Members of the Ripley Consolidated School District are present and request that we recognize and extend the easement granted by the Territorial School Land Board. After discussion by the board it was moved by Mr. Coffey and seconded by Mr. Carter that the easement granted by the Territorial School Land Commission to the Ripley School District in the SW/4 Section 36-18N-3E. I. M., be confirmed and extended.

"All vote aye; Motion prevailed.

"I hereby certify that the above and foregoing is a full, true and correct report of said meeting.

"WITNESS, my hand and official signature this 27th day of January, 1937, at Oklahoma City, Oklahoma.

(Signed)       "E. W. Marland
          "Governor and Chairman

"Attest: (Signed) : Jess Larson, Secretary.

"O. K. (Signed) : Orlando F. Sweet,
          "Law and Executive Clerk."

There is no evidence in the record that plaintiff has ever taken any steps to divest itself of title to or possession of the building.

This is a proceeding at law and a jury was waived. There is ample competent evidence to support the judgment of the court, and the same will not be disturbed. Lyons v. Lyons, supra.

The judgment is affirmed.

RILEY, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., concurs in conclusion. BAYLESS, C. J., and DAVISON and DANNER, JJ., absent.