WILLIAMS, J.
—The appellant claims the court erroneously admitted in evidence four letters of various dates in 1890 and 1891. The bonds were deposited with defendant’s testate in 1883, but there was correspondence between the parties with reference to the matters in controversy daring the years 1889, 1890 and 1891. Many of the letters constituting the correspondence were put in evidence by the plaintiff and by the defendant without objection, and the letters objected to were properly received, as forming a part of the same correspondence, in order that the jury might have the whole correspondence before them. The court, in receiving the letters complained of, and by its charge upon the request of the plaintiff’s counsel, sufficiently protected the plaintiff as to the effect the letters should have upon the jury. The letters written by the testate were not evidence in defendant’s behalf, standing alone, of the facts stated therein, but might properly be considered by the jury in connection with the balance of the correspondence and* the conduct of the parties. We are unable to see, under the circumstances, how these letters could have worked any injury to the plaintiff on the trial.
*161 Appellant'further complains of the instructions given by the court to the jury as to the burden of proof with reference to the defendant’s counterclaim. The court, in the course of the charge said, in effect, that the burden of proof upon the whole case was upon the plaintiff, and she must establish her claim by a preponderance of evidence, but if the jury should find that the defendant’s testate had acknowledged his liability at a certain time, for a definite amount, the plaintiff would be entitled to recover that amount, unless the defendant had overcome that state of facts by proof of an agreement (before referred to), or by proof of attorney’s services, etc., (being the counterclaim in question), or by proof of other credits by way of payments. At the close of the charge the plaintiff’s counsel requested the court to charge that the burden of proof was upon the defendant to etablish the counterclaim. The court replied that it had substantially so charged. Counsel said he did not think so, to which the court replied, “I decline to charge otherwise than I have already charged.” Plaintiff’s counsel later excepted to the charged that the burden of proof was upon the plaintiff upon the whole case. We are unable to see, looking at the whole charge, how there was any error committed by the court in respect to the burden of proof as to the counterclaim. The jury was instructed that such burden was upon the defendant.
We find no error in the record calling for a reversal of the j udgment.
The judgment should be affirmed, with costs.
All concur.