# TISHOMINGO ELECTRIC LIGHT & POWER CO. v. GULLETT.

No. 5762.    Opinion Filed November 2, 1915.

(152 Pac. 849.)

1. **ATTORNEY AND CLIENT—Negligence—General Denial—Proof.**
Under a general denial, the defendant may introduce evidence controverting any fact which the plaintiff is bound to prove in order to recover. So, in an action against an attorney for negligently failing to file an appeal in the Supreme Court, which he had contracted to file, the defendant may, under a general denial, introduce evidence to rebut negligence.

2. **EVIDENCE—Trial—Reception of Evidence—Correspondence—Instructions.** Where a number of letters have been offered by the plaintiff, constituting a part of a correspondence relating to the action, the defendant is entitled to have the entire correspondence go to the jury. If a portion of any letter written by the defendant contains irrelevant or improper matter, this should be called to the attention of the trial court, and exception made to such part, or the court should be requested in its charge to instruct the jury not to consider such part.

3. **TRIAL—Refusal of Instructions Covered.** The refusal of the court to give instructions which properly state the law is not reversible error, if substantially the same proposition of law is stated in other instructions given, and where the charge of the trial court, as a whole, properly states the law.

4. **INVESTIGATION OF FACTS.** The modern tendency, both in legislation and in the decision of the courts, is to give as wide a scope as possible to the investigation of facts.

(Syllabus by Devereux, C.)

*Error from District Court, Johnston County;*
*Robert M. Rainey, Judge.*

Action by the Tishomingo Electric Light & Power Company against Alexander Gullett. Judgment for defendant, and plaintiff brings error. Affirmed.

The petition states, in substance, the corporate existence of the plaintiff; that the defendant was engaged

in the general practice of law in Tishomingo, Johnston county, Okla., and practiced in the district and appellate courts of the State of Oklahoma; that in a certain case pending in the district court of. Johnston county, Okla., wherein R. M. Harris was plaintiff, and this plaintiff was defendant, a judgment was rendered in favor of said Harris for the sum of $1,312, with interest at 6 per cent. thereon from June 11, 1909, and the costs of said action taxed at $95.25; that the defendant in this case was employed and paid his fee for perfecting and filing an appeal in the Supreme Court of the State of Oklahoma for the purpose of reversing said judgment; that a case-made was properly prepared and signed, and that this defendant carelessly and negligently, and by reason of his inattention to his professional duties, failed to file the case-made and petition in error in the Supreme Court of the State of Oklahoma within the time provided by law; that after the time had expired to commence said proceedings in the Supreme Court the defendant caused said case-made and petition in error to be filed therein, and that said proceedings were dismissed; that, as a result of said failure of the defendant to perfect said appeal within the time provided by law, this plaintiff was compelled to pay on said judgment the sum of $1,564.90, which result was brought about by the wrongful and neglectful conduct of the defendant in error. The answer was a general denial. There was a verdict and judgment for the defendant, and the plaintiff brings the case to this court by petition in error and case-made.

*E. L. Burton, Geo. F. Burton,* and *J. W. Iden,* for plaintiff in error.

*Young & Stobaugh, Garrett & Bingham,* and *Gray & McVay,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The first assignment of error is that the district court erred in permitting the defendant to prove, under a general denial, that the president of the plaintiff had advised that it was not necessary to file the R. M. Harris case in the Supreme Court until one year after the case-made was filed in the trial court. The question and answer on which this assignment of error is predicated are as follows:

"Q. On the theory that you were to prepare and serve the case-made, helping in it, why did you have anything to do with it after you had performed your part of the contract, according to your contention? (The plaintiff objects as incompetent, irrelevant, and immaterial. The objection is overruled. The plaintiff excepts to the ruling.) A. Well, for the reason, as I say, the main reason, because Mr. Foley said he wanted this matter put off as long as possible. He stated to me at one time that he was close of money and did not want to pay the judgment. I spoke to Mr. Hardy about it. Mr. Foley said to me at one time that his attorney in Kansas informed him—either Osborn or somebody—told him that he had a year to file it in from the time the judge signed the case-made."

The argument is that this is purely defensive matter, tending to excuse the defendant in error for not performing the contract, and, as the only issues raised by the pleadings are, "Did the plaintiff employ the defendant, and, if so, did he fail to file the case-made in time?" that this evidence was inadmissible under a general denial. But the plaintiff in error loses sight of the fact that in its petition it alleges that the defendant "carelessly, negligently and by reason of his inattention to his professional duties" failed to file the case-made and record in this court, and, indeed, this allegation was necessary.

See Weeks on Attorneys, page 589, sec. 297; 1 Thornton on Attorneys, page 547, sec. 312. But in any event, in the case at bar, the plaintiff having alleged negligence, the burden was on him to prove it, and any evidence on the part of the defendant tending to rebut negligence was admissible under a general denial. In *Robinson v. Peru Plow & Wheel Co.*, 1 Okla. 140, 31 Pac. 988, it is said:

"It is a well-settled rule of code pleading that defendant, under the general denial, may controvert, by evidence, every fact which the plaintiff is bound to prove in order to recover in the action."

We are of the opinion, therefore, that this assignment of error is not well taken.

The second assignment of error is:

"The district court erred in permitting the defendant in error to introduce testimony tending to show that plaintiff had no intention of prosecuting the case on appeal in the case of R. M. Harris v. Tishomingo Electric Light & Power Company."

And the evidence on which it is predicated is, as follows, in the testimony of the defendant:

"Q. After you got the case-made, what became of it? A. It was returned here in a few days, and on the 6th of December, 1909, as I remember it, was filed with the clerk of the court here, and I think with one copy. Q. Did you file that case-made with the clerk of the court? A. Yes, sir. Q. Why did you do that? (Objected to properly and exception.) A. Some time in April or May Mr. Foley was here, and we talked this matter over. At that time he told me he was negotiating to purchase a judgment against R. M. Harris for something like, if I remember right, $1,800, secured by a banking company. He stated he had employed Allen & Nichols, of Muskogee, to get a judgment, and he wanted

this matter here held up until they could get it, securing that judgment to offset the judgment Harris had against him."

The argument on this assignment of error is the same as that on the first, and must be overruled for the same reason.

The third and fourth assignments of error relate to the admission of two letters written by the defendant in error to the plaintiff, one dated June 25, 1910, and the other June 29, 1910. It is not necessary to set out these letters in full. The one of June 25th, to the plaintiff, informs plaintiff that the case-made had been taken from the clerk's office some two months before by the original counsel in the case, but that defendant had succeeded in getting it, and had sent it to the Supreme Court. The reason given why the original counsel was holding it was that he claimed a lien on it for his fees. The letter of June 29th acknowledged the receipt of one from plaintiff of June 26th, and advised plaintiff that the delay in docketing the record in the Supreme Court was beyond the defendant's control until he induced the other attorney to surrender the case-made. The reasons given in the brief why these letters were not admissible are:

"(a) Because they tended to show that somebody else owed a duty to file this case other than the defendant; (b) they tended to show that the defendant was prevented from performing his contract by means beyond his control; (c) the cause of action upon which plaintiff brought his suit accrued on June 14, 1910, and were not part of the *res gestae* in this case, and were therefore Judge Gullett's self-serving declarations."

It is plain, from an inspection of the record, that these letters were part of a long correspondence between

the parties in regard to this matter, a part of which had been introduced by the plaintiff in error. The rule is well settled that, where part of a correspondence is introduced, the other side is entitled to have the entire correspondence before the jury. We do not mean to decide that, where matter entirely irrelevant to the issue has been injected into a letter, a party is entitled to have it go to the jury, but in such case objection to the matter not relevant must be made, or special instructions asked for to inform the jury that certain parts of the letter are not to be considered by them. This was not done in the case at bar.

In *Lewis v. Newcombe,* 1 App. Div. 59, 37 N. Y. Supp. 8, it is said:

"Many of the letters constituting the correspondence were put in evidence by the plaintiff and by the defendant without objection, and the letters objected to were properly received as forming a part of the same correspondence, in order that the jury might have the whole correspondence before them."

The plaintiff in error contends, among other reasons, that these letters were incompetent, and should not have been admitted in evidence, because they tended to show that the defendant was prevented from performing his contract by means beyond his control. In this view they were clearly competent on the issue of negligence, because, if the defendant was prevented from filing the case-made by reason of something beyond his control, he certainly was not negligent, and negligence was the issue tendered by the plaintiff in error in this case. As above shown, these letters were admissible on the question of negligence, and also to put the entire transaction before the jury. The modern tendency, both of legisla-

tion and of the decisions of the courts, is to give as wide a scope as possible to the investigation of facts. *Holmes v. Goldsmith,* 147 U. S. 150, 13 Sup. Ct. 288, 37 L. Ed. 118.

The last assignment of error is the refusal to give the following instruction asked for by the plaintiff in error:

"You are charged that, when an attorney seeks and obtains employment, he holds himself out to the public as having the average amount of skill as an attorney and familiar with the procedures of courts fixed by the statutes."

This was refused by the court because it was covered in the instructions given. An examination of the instructions, in our opinion, shows that this instruction was reasonably covered by the charge to the jury, and a party cannot complain because his instructions are not given in the very words as requested. *A., T. & S. F. Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996; *Citizens' Bank v. Garnett,* 21 Okla. 200, 95 Pac. 755; *Coalgate Co. v. Hurst,* 25 Okla. 588, 107 Pac. 657; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Fulsom Morris, etc., Co. v. Mitchell,* 37 Okla. 575, 132 Pac. 1103.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.