## TURNBAUGH v. HUSSELTON.

No. 8402—Opinion Filed April 15, 1919.

(180 Pac. 368.)

(Syllabus.)

1. **Landlord and Tenant—Unlawful Detainer—Issues—Possession.**

In an unlawful detainer action, the question at issue, regardless of the actual condition of the title to the property, is whether the defendant unlawfully withholds possession from the plaintiff.

2. **Same—Evidence—Admissibility.**

The defendant in an unlawful detainer action under a general denial is entitled to introduce any evidence which controverts any fact the plaintiff is bound to prove in order to recover.

3. **Same.**

Where a defendant in an unlawful detainer action defends on the ground that he is the agent for a corporation and that said corporation is lawfully in possession of the premises under a contract with the plaintiff, and that he is merely holding the possession as agent for said corporation, it is prejudicial error for the court to exclude evidence which, if true, proves such defense.

4. **Same.**

Where a tenant lawfully goes into possession of premises under a contract with the plaintiff he may show that he has continued in possession after the expiration of his lease under a new agreement with his landlord.

Error from County Court, Woodward County; Clyde H. Wyand, Judge.

Action by Edward C. Husselton against Alex Turnbaugh for unlawful detainer. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. H. Springfield, for plaintiff in error.

Swindall & Wybrant, for defendant in error.

RAINEY, J. This is an unlawful detainer action commenced under the provisions of

chapter 61, art. 12, Rev. Laws of Oklahoma 1910, by Edward C. Husselton against Alex Turnbaugh, for the possession of lot 2, block 48, in the original town site of Woodward, Okla. The case was originally filed in a justice of the peace court where the Merchants' Produce Company, a corporation, of Woodward, Okla., filed its motion to intervene, wherein it alleged that it was in the lawful possession of said property under a contract with the plaintiff. The petition to intervene was disallowed and the cause tried, resulting in a judgment for the plaintiff. The case was thereupon appealed to the county court, where a trial de novo was had, likewise resulting in a judgment for the plaintiff, from which judgment the defendant has appealed to this court.

The record shows that the defendant, Turnbaugh went into possession of the premises under a written lease with the plaintiff; that the lease had expired several months prior to the institution of this action; and that Turnbaugh was still in possession. Turnbaugh offered to prove that the Merchants' Produce Company was a corporation organized under the laws of this state, was at all times in possession of the premises, and that he was holding possession for said company; that, although the lease was originally made in his name, the plaintiff understood that the property was rented to the Merchants' Produce Company; and that defendant took the lease and was occupying the premises for said company. Defendant also offered to prove that, after the expiration of the lease, the Merchants' Produce Company made a new contract with the plaintiff, whereby it was rightfully occupying said premises, that it had paid the rent therefor, that his occupancy of said premises was merely as the agent for said company, and that as such he was rightfully in possession thereof. This evidence was excluded by the trial court. Therefore the question presented is: Was the evidence erroneously excluded, and, if so, was it prejudicial to the defendant?

In an unlawful detainer action, the question at issue, regardless of the actual condition of the title to the property, is whether defendant unlawfully withholds possession from the plaintiff. The plaintiff in this case admits that defendant obtained peaceable and lawful possession of the property, but claims that possession is being unlawfully withheld from him by the defendant, Turnbaugh, who claims that he is lawfully in possession as agent of the Merchants' Produce Company. Under the general denial filed by the defendant, he is entitled to introduce any evidence that controverts any fact

which the plaintiff is bound to prove in order to recover. Tishomingo Electric Light & Power Co. v. Gullett, 52 Okla. 180, 152 Pac. 849; City of Oklahoma City v. P. J. Hill et al., 4 Okla. 521, 46 Pac. 568; McKelvey v. Choctaw Cotton Oil Co., 52 Okla. 81, 152 Pac. 414. But plaintiff contends that it is not a legal defense that one is holding property as the agent of another, and cites in support thereof Luling v. Shepherd, 112 Ala. 588, 21 South. 352. In that case the Supreme Court of Alabama said:

"The question which seems to have been a material point in the case on the trial was whether one person can successfully defend a forcible entry and unlawful detainer or peaceable entry and unlawful detainer of land when sued, upon the ground that his entry and detention is in the capacity of agent, and not in his own right. One guilty of a forcible entry or unlawful detainer is guilty of a tort. No principle of law is more general and better settled than that one guilty of a tort cannot justify on the ground that he was acting in the capacity of an agent, and not on his personal responsibility. It is often a question as to whether the principal is liable for the tortious act of an agent, but it has never been questioned that the agent was personally liable for his actual tort."

This case, when closely analyzed, is not in point. True it is that an agent is personally responsible for his own torts and cannot escape liability on the ground that he was acting for some one else. We deduce from the opinion just cited that, in a former forcible entry and unlawful detainer suit by the plaintiff against the wife of the defendant, she had defended on the ground that she was acting for her husband, and in a subsequent case—the one cited and relied on by plaintiff here—the husband endeavored to escape liability for the tortious act of his wife on the ground that he was detaining the land as her agent. In other words, it seems to have been admitted in that case that possession was forcibly obtained and was being unlawfully kept; but the contention was made that, notwithstanding this, there was no liability because the husband, in detaining the property, was acting as the agent for his wife. Clearly, this was not a good defense, but the situation presented in the case before us is entirely different. Defendant Turnbaugh did not forcibly obtain possession, and, if the excluded testimony offered by him is true, he was not unlawfully retaining possession, and therefore was not guilty of a tort. On the contrary, his contention is that he not only lawfully obtained possession, which is conceded, but that he was rightfully retaining possession as agent for his principal, Merchants' Produce Com-

p uy. Corporations can only act through their agents, and the possession of the agent in this case, if the excluded testimony is true, was the possession of the corporation, and, if the corporation was rightfully in possession as it claimed under the agreement with the plaintiff, Turnbaugh was rightfully in possession as its agent. The evidence tending to prove this state of facts should have been admitted, and the question of fact submitted to the jury. The mere fact that the original lease had expired did not preclude this defense, for the tenant, after the expiration of his lease, may show that he is detaining the premises under a new agreement with his landlord. 24 Cyc. 1421; Jose G. Ifidias v. John C. Morrell, 25 Cal. 31; John Kelly v. John Loehr, 1 Brewst. (Pa.) 303.

Since the defense offered, if true, would have defeated plaintiff's action, the exclusion of the evidence was clearly prejudicial to the rights of the defendant. This cause is therefore reversed and remanded, with directions to grant a new trial.

HARDY, C. J., and HARRISON, PITCHFORD, and JOHNSON, JJ., concur.