## PICKARD v. MASCHO et al.

No. 10952—Opinion Filed Feb. 20, 1923.

Rehearing Denied April 3, 1923.

(Syllabus.)

1. **Landlord and Tenant—Disputing Landlord's Title.**

A tenant who secures possession under a written lease cannot successfully defend a suit by his landlord for wilfully holding over after termination of his lease by securing and offering to prove a rental contract from some other alleged claimant of the realty.

2. **Forcible Entry and Detainer — Judgment —Conclusiveness.**

The final judgment in a forcible detainer action is conclusive as to the right of possession as against the defendant in favor of the plaintiff for the period of time in controversy therein.

3. **Appeal and Error — Review—Questions of Fact—Verdict.**

When the verdict of the jury is for the plaintiff in an action at law, based upon disputed questions of fact, where the court has submitted the same under proper instructions, and the evidence reasonably supports the verdict, the same will not be disturbed on appeal to this court.

Error from County Court, Lincoln County.

Action by A. A. Mascho and another against Joe Pickard for damages for holding over. Judgment for plaintiffs, and defendant brings error. Modified and affirmed.

Rittenhouse & Rittenhouse and Emery A. Foster, for plaintiff in error.

Erwin & Erwin and W. L. Johnson, for defendants in error.

BRANSON, J. The defendants in error were the owners of a farm in Lincoln county, Okla., which was rented for the years 1916 and 1917 under a lease contract in writing to Joe Pickard, the plaintiff in error. Under the written lease, the tenancy of the plaintiff in error terminated on the 31st day of December, 1917. Prior to the termination of his lease, the plaintiff in error sought a new lease contract with the defendants in error, which they refused to execute, but defendants in error leased the premises in question to another party, who on trying to take possession of the premises was informed by the plaintiff in error that he had the farm for the year 1918, whereupon notice to quit the premises was served upon the said Joe Pickard and others on the farm, and forcible detainer suit was begun by the defendants in error, resulting in a judgment of ouster against the plaintiff in error. Later, this suit was instituted in the county court against the plaintiff in error by the defendants in error for double the rental value of the farm for willfully holding over after the termination of his tenancy. This resulted in a judgment against the plaintiff in error for the sum of $350, to reverse which this appeal is taken. The parties will be referred to herein as they appeared in the lower court.

The defendant contended in the trial and now contends in his brief:

First. That he did not willfully hold over.

Second. That he did not claim to have possession of the premises from the 1st day of January until the 22nd day of February, 1918, and that on February 22, 1918, he took possession of the premises under a lease from one Sallie Johnson, who claimed as against the plaintiffs to be the real owner of the real estate, and was at the time litigating the same in the district court of Lincoln county.

The defendant had held the possession of the premises in question as the tenant of the plaintiffs for two years or more. Failing to receive a renewal of his lease, which he sought, he apparently secured an instrument, in form an agricultural lease, from one Sallie Johnson, who for some reason, which does not appear, was claiming the real estate, or an interest therein, as against the plaintiffs, and who was litigating the same in the district court of Lincoln county. A forcible detainer suit, the final judgment in which was introduced by the plaintiffs in this action, was instituted in the county court of Lincoln county, which conclusively determined, as against the defendant, that the plaintiffs were entitled to the possession of the premises in question as against him. If there were any circumstances under which the defendant had the right of possession

as against the claim of right of possession of the plaintiffs, it was adversely determined to this defendant by the said forcible detainer judgment.

The second assignment of error made by the plaintiff in error is that the court erred in refusing to admit certain testimony. The scope and purpose of the testimony offered as to which objection was sustained by the trial court was as to the pretended lease which the defendant claimed to have procured from the said Sallie Johnson, and we think the court committed no error, for the reason that if the defendant had any right to the possession of the premises by reason of said lease as against the plaintiffs for the year 1918, he was precluded from asserting the same by virtue of said forcible detainer judgment. The evil which this kind of action is intended to correct or redress is that the tenant, being in possession under the landlord, shall not question his right thereto. It in no wise minimizes the evil against which the law is directed if the tenant secures a lease from another claimant of the land at the termination of his tenancy and interposes this lease as a ground for holding over, but tends to show that his action is not only willful, but malicious. Lessee cannot be heard to defend by pleading and proving a lease contract with some alleged claimant of the land other than through whom he first secured possession.

In the case of Hammill v. Jalonick, 3 Okla. 223, 41 Pac. 139, the court said:

"A tenant in possession by permission of his landlord is estopped from denying the title under which he holds." Young v. Severy, 5 Okla. 641, 49 Pac. 1024; Larney v. Aldridge, 31 Okla. 447, 122 Pac. 151.

In addition to that, section 3796, Rev. Laws 1910, expressly provides:

"The attornment of a tenant to a stranger shall be void, and shall not affect the possession of his landlord, unless it be made with the consent of the landlord or pursuant to a judgment at law, or the order or decree of a court."

In fact, the only issue under the record in this cause which remained to be tried out at the time of the trial of this action was whether or not between January 1st and February 22, 1918, the defendant, Joe Pickard, willfully held over the premises in question after his lease had expired. If so, the plaintiffs established their cause of action against him, and their measure of damage is fully set forth in section 2881, Rev. Laws 1910, which provides:

"For willfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

The evidence on this question was conflicting, and the court instructed the jury as follows:

"You are further instructed that if you find from the evidence that at or prior to the 1st day of January, 1918, Joe Pickard surrendered possession of the lands in question to the plaintiffs, after notice to plaintiffs of his intention to make such surrender, and that he was not in possession of said land between the 1st day of January, 1918, and the 22nd day of February, 1918, then your verdict should be for the defendant, and that plaintiffs take nothing by this action."

The instruction of the court fairly stated the law as applicable to this question. The verdict of the jury was in favor of the plaintiffs for the reasonable rental value of the premises, in the sum of $175. The evidence reasonably sustains the verdict of the jury. The court instructed the jury if they found for plaintiffs, it should be for double the fair rental value of the premises for 1918. This instruction was correct. The jury, however, returned a verdict finding the value of the premises $175. Under sections 5011 to 5015, inclusive, Rev. Laws 1910, the verdict, if not accepted by the parties as a general verdict for $175, should have been corrected before the jury was discharged, and it must be treated as a general verdict for the amount found therein under the issues submitted to the jury; and the judgment should have followed the verdict.

There are some minor errors complained of by the plaintiff in error, none of which we think substantially affect his rights. Under section 6005, Rev. Laws 1910, it is provided:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Lockwood Bros. v. Frisco Lumber Co., 22 Okla. 31, 97 Pac. 562; Boyce v. Augusta Camp, M. W. A., 4 Okla. 642, 78 Pac. 322; Town of

Norman v. Teel 12 Okla. 69, 69 Pac. 791; Frick v. Reynolds et al., 6 Okla. 638, 52 Pac. 391; Moore v. A., T. & S. F. Ry. Co., 26 Okla. 682, 110 Pac. 1059; Funk v. Hendricks, 24 Okla. 837, 105 Pac. 352; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

The judgment of the trial court is modified so as to be for $175 instead of $350, and, as so modified, is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.