SCHUMAN v. WALLACE et ux.

No. 28871. June 11, 1940.

Rehearing Denied July 2, 1940.

*104 P. 2d 432.*

Fred W. Martin, of Wagoner, for plaintiff in error.

Howard S. Keagy, of Okmulgee, for defendants in error.

DAVISON, J. In this appeal we are called upon to reverse a judgment of the district court of Okmulgee county. The action was instituted in that court by Robert and Lula Wallace, as plaintiffs, against Morris Schuman and W. H. Lancaster to recover damages, actual and punitive, said to have accrued by reason of and in connection with an asserted wrongful eviction from real property under an execution issued after final judgment in a justice court in a forcible entry and detainer action. In the forcible entry and detainer action, which was asserted by the defendants to justify the eviction, Morris Schuman, defendant in this case, was plaintiff, and Robert and Lula Wallace, plaintiffs here, were defendants. W. H. Lancaster, the other defendant in this action, was the constable who executed the writ. He was not a party to the former action.

The cause was tried to a jury, resulting in a verdict and judgment for the plaintiffs. The verdict permitted actual damages of $5 against Lancaster and $7.50 against Schuman and punitive damages against Schuman in the sum of $500. The defendant Schuman objected to the receipt of the verdict. The objection was overruled by the trial court on the theory that the action of the jury was provoked by the blank form of verdict which was prepared by the defendant and furnished the jury on his request and that the error therein

was therefore "invited error," of which the defendant could not complain.

The judgment against the defendant Lancaster became final. He did not appeal. The judgment as against him is not here considered and will not be affected by this determination. The defendant Schuman appealed, appearing here as plaintiff in error. Our continued reference to the parties will be by their trial court designation.

A number of questions are presented in the briefs. Our review of the case discloses that in one important particular error inheres in the judgment which requires a reversal of the cause. Our discussion will therefore be limited as far as possible to those phases of the case which are directly connected with the pivotal point.

While the petition of the plaintiffs is rather lengthy and may be said to embrace other theories of liability, it proceeds principally upon the theory that the defendant constable, Lancaster, was, at the time the plaintiffs were dispossessed, acting as the agent of the defendant Schuman. The defendant Schuman denied the alleged agency and both defendants relied upon the execution issued in conjunction with the forcible entry and detainer action as justification of the act of eviction.

While there is evidence tending to show an abuse of authority under the writ, an examination of the instructions (to which proper exceptions were taken by the defendant) discloses that the cause was submitted to the jury on the theory that the plaintiffs could recover for wrongful eviction, as distinguished from a wrongful method of eviction, in the event the jury should find favorably to the plaintiffs certain facts which would have operated to defeat a judgment for possession in the forcible entry and detainer action if they had been therein established. In other words, the jury were permitted to retry the facts pertinent to the maintenance of the possessory action in order to determine whether the constable was clothed with lawful authority to act under the execution.

No appeal was ever taken from the forcible entry and detainer judgment, and the same was final at the time the execution was issued. The record and files in connection therewith were introduced in evidence. Our examination thereof discloses that the judgment was not void on its face, although it is rather brief and the record is not free from irregularities. There existed, in connection with the cause, jurisdiction of the parties, jurisdiction of the subject matter, and power to render the particular judgment which was rendered. The plaintiffs make no complaint of the form or substance of the justice of the peace judgment except as to the abbreviated form of the docket entry of judgment, which, though somewhat vague, is ample, when reviewed in the light of the type of action as reflected by the proceedings, to inform for whom and for what judgment was rendered.

The rule applicable to the question here presented is stated in 35 C. J. 684, para. 316, in the following language:

"Where a justice has jurisdiction of the subject matter of an action and of the parties, his judgment is no more subject to collateral attack than the judgments of courts of general jurisdiction."

(Notice, also, discussion on question of jurisdiction in Howard v. Duncan, 163 Okla. 142, 21 P. 2d 489.)

It is also urged that the justice of the peace judgment was not possessed of judicial force necessary to prevent recovery for wrongful eviction under authority of the execution by reason of section 920, O. S. 1931, 39 Okla. St. Ann. § 394, which provides:

"Judgments, either before a justice or in the district court, in actions brought under this article, shall not be a bar to any other action brought by either party."

The language may be broad enough to be susceptible of the construction urged, but such was obviously not the intention of the Legislature, for such a construction, if adopted, would make every officer of the law charged with the duty of enforcing such judgments act at his peril and render him personally liable if in the judgment of some other tribunal it should be subsequently determined that the justice of the peace, though acting regularly and with jurisdiction of the subject matter and the parties, erroneously determined the existing facts.

Though the statute (section 920, supra) unquestionably narrows and limits the force of such judgments (see Scissem v. Bradley, 167 Okla. 161, 29 P. 2d 69; Penney v. Walters, 121 Okla. 280, 249 P. 736, holding forcible entry and detainer judgments not res adjudicata on the question of title), it does not deprive them of all judicial force. See Pickard v. Mascho et al., 89 Okla. 125, 213 P. 848, holding such a judgment conclusive on the right of possession.

It is not within the province of our discussion to ascertain the precise or full effect of the foregoing statute other than to determine, as we have, that it does not deprive an officer of the law of authority to evict under a writ of execution or make him act at his peril in the performance of the duty, provided he performs his duty in a lawful manner. The governing rule in this connection is stated in 21 Am. Jur. 309, para. 646:

"The general rule is that a civil action to recover damages for wrongful execution may not be based upon proper compliance with the mandate of a writ of execution, merely because the judgment is erroneously entered. * * *"

Since in this case the judgment was merely irregular but not void, the trial court erred in allowing the jury to determine the question of liability on the theory that there could have been a wrongful eviction by reason of the possible error of the justice court in determining the facts in connection with the forcible entry and detainer action.

In so deciding we do not pass upon the question of whether recovery could have been authorized on the theory of an abuse of authority under the writ

or whether, when an officer does abuse his authority under a writ, he may be considered and treated as a trespasser ab initio; nor do we determine whether the defendant invited the error previously mentioned which inhered in the form of the verdict.

The cause is reversed for a new trial.

WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur.