L. E. PARKENING and Dorothy Parkening, Plaintiffs in Error,

v.

Helen L. MULLEN, Defendant in Error.

No. 40616.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Van Cleave, Thomas, Liebler & Gresham, Tulsa, for plaintiffs in error.

George W. Owens, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by L. E. Parkening and Dorothy Parkening (plaintiffs below) from a judgment rendered on the pleadings, dismissing with prejudice, their action against Helen L. Mullen (defendant below) for rent and for damages for wrongful detention of real property. The parties will be referred to by their trial court designation.

Plaintiffs filed their petition on August 7, 1961, alleging that in February, 1959, they orally leased their property (a residence) to defendant on a month to month basis at an agreed rental of $75 per month, which continued through December, 1960, and that

thereafter the rent was $125 per month, pursuant to written notice given to defendant. It was further alleged that on February 2, 1961, defendant was given written notice of termination of tenancy on March 4, 1961, and that defendant wrongfully retained possession to August 1, 1961. In three causes of action plaintiff prayed judgment for rent from October 1, 1960, to March 4, 1961, in the sum of $491.12; for double the rental value thereafter to August 1, 1961, in the sum of $1217.76; and for expense allegedly resulting from the wrongful detention in the sum of $512.50.

By answer and cross petition the defendant plead, inter alia, an admission of the oral rental at $75 per month and her possession of the property, but stated the leasing agreement provided she would make certain repairs and remodeling, which she later performed, with an agreed term to June 1, 1963; that she was not guilty of wrongful detention, and had in fact been wrongfully evicted on Augsut 1, 1961; by reason of which she had been subjected to loss and expense for remodeling, repairs, additional rental to June 1, 1963, and other expense in the total sum of $1100.45, for which she prayed judgment.

A better understanding of the circumstances and the contentions of the parties will be gained from the following collective statement of the other allegations of the answer and cross petition, the plaintiffs' answer and reply, and numerous amendments to these pleadings. These reflect that in October, 1960, the plaintiff, L. E. Parkening, had sued defendant in a justice of the peace entry and forcible detainer action and the verdict was for defendant, and plaintiff had appealed from the verdict to the Common Pleas Court for a trial de novo (39 O.S.1961, § 243). The defendant filed an answer and cross petition in the appealed case alleging her occupancy under an unexpired lease and improvement of the property pursuant to the lease agreement. Thereafter, in two payments in December, 1960, and January, 1961, defendant tendered and plaintiff therein accepted $225

and $75 rent for the months of October, November and December, 1960, and January, 1961. Defendant then filed amendments to her answer alleging such payments as ratification of her rental agreement, and prayed the court hold the plaintiff bound by the oral lease contract pleaded by defendant. On February 2, 1961, the court in that case found that acceptance of the rent rendered the issues between the parties moot and dismissed the cause and refused to consider the defendant's prayer for relief. Defendant appealed to this court where the matter was docketed as No. 39547. By final order of June 19, 1961, this court dismissed that appeal because it presented no contest. The reason stated therein was that the action was purely a possessory action and since the trial court had dismissed the case, because the plaintiff had accepted payment of rentals, the issue of possession had been determined.

In the meantime the plaintiff, L. E. Parkening, had given defendant the notice of termination of lease effective March 4, 1961, and had filed another lawful entry and unlawful detention action against defendant in a justice of the peace court. Trial of this action resulted in a verdict on July 20, 1961, finding the defendant guilty and reciting plaintiff was entitled to possession of the property. Defendant did not perfect an appeal and vacated the premises on or about August 1, 1961. Plaintiffs then instituted the present action.

The lower court in the present suit dismissed plaintiffs' action with prejudice and defendant's cross petition with prejudice. Only the plaintiffs have appealed. In the judgment and findings of fact the lower court reviewed all of the matters set out above that preceded the present action. The court concluded therefrom that there was a prior adjudication that rent had been paid and accepted at a time when plaintiffs had notice of defendant's claimed rental contract and further concluded as a matter of law that this was a ratification and acceptance of the claimed contract, that the contract was valid, and that defendant's

possession was rightful during the term of the contract.

The validity of the lower court's judgment must be judged in the light of the force and effect of the verdict rendered in the justice of the peace court on July 20, 1961, finding defendant guilty and plaintiff entitled to possession. That judgment was the last and final judgment growing out of the controversial issues involved in the various forms of litigation heretofore enumerated that preceded the present action. That judgment was not appealed and is final.

■ An action of lawful entry and wrongful detainer by a landlord against a tenant is purely a possessory action involving the right to possession of the premises. The issues are the relationship of landlord and tenant, termination of the tenancy and unlawful withholding by the tenant thereafter. Richardson v. Lewis, Okl., 301 P.2d 358, and Lyons v. Lyons, 185 Okl. 70, 90 P. 2d 391.

■ In the trial of such action the tenant is entitled to introduce any evidence that controverts any fact which the plaintiff is bound to prove in order to recover. Turnbaugh v. Husselton, 72 Okl. 247, 180 P. 368. The tenant may show a right of possession in him and that the landlord is not entitled to immediate possession by the tenant proving a rental contract that has not expired or terminated. Richardson v. Lewis, supra.

■ Under these rules the term of the rental agreement claimed by defendant was an issue in the unlawful detainer action and subject to proof, including evidence of recognition and ratification thereof by plaintiff landlord. The fact of a verdict therein against defendant and a finding that plaintiff was entitled to possession, was of necessity a determination of this issue adverse to the defendant. In her brief defendant states that in the trial of that action she was restricted in the introduction of her proof on this issue. However defendant did not appeal and the verdict reached therein is final.

■ In Pickard v. Mascho, 89 Okl. 125, 213 P. 848, the controversy presented the question of the force and effect of a final judgment against the defendant in a forcible detainer suit, and this court said that if there were any circumstances under which the defendant had the right of possession as against the claim of the right of possession of the plaintiffs, it was determined adversely to the defendant by the forcible detainer judgment. Therein we stated:

"The final judgment in a forcible detainer action is conclusive as to the right of possession as against the defendant in favor of the plaintiff for the period of time in controversy therein."

■ The conclusion of the lower court in the present matter that defendant was rightfully in possession of the property at all times was directly contrary to the judgment in the forcible detainer suit. In effect the court retried the issue of possession, using circumstances present when the detainer judgment was rendered, to justify its opposite conclusion. The court could not properly do this. See Schuman v. Wallace, 187 Okl. 535, 104 P.2d 432, in which we held that in a later suit for damages for wrongful eviction, brought against the plaintiff in an earlier forcible entry and detainer action by the defendant therein, the jury should not be permitted to retry the facts pertinent to the maintenance of the possessory action upon which a valid judgment for possession was based, in order to determine whether a constable was clothed with lawful authority to act under an execution for possession. We further held that the statute (39 O.S.1961, § 394) providing that judgment in forcible entry and detainer actions "shall not be a bar to any other action brought by either party," did not deprive such judgments of their judicial force that they were conclusive on the right of possession.

In Rourke v. Bozarth, 103 Okl. 133, 229 P. 495, the action was to recover on an appeal bond given by defendants on their appeal from a judgment for possession rendered against them in a prior forcible detainer action. The defendants relied on 39 O.S.1961, § 394, supra, and sought to show as a defense that their possession during the detainer proceedings was not willful and that their possession did not go to the entire premises involved in such proceedings. We held that such matters were issues in the prior detainer action and was an effort by defendants to relitigate questions already determined in that action and could not again be relitigated.

Defendant in the present case argues in support of the lower court's judgment that under 15 O.S.1961, § 75, and our decision in Livingston v. Blair, 104 Okl. 238, 231 P. 82, acceptance by plaintiffs of the payments of rent, when they knew of defendant's claimed rental contract, was equivalent to consent to all the obligations arising from such contract. We may grant that this is a correct proposition of law, but it is not available to defendant to support her claim of rightful possession at all subsequent times. The acceptance of rent was prior to the trial and judgment in the unlawful detainer action. As shown above, that judgment in the subsequent action in which judgment was rendered on July 20, 1961, determined the issue of rightful possession against defendant and she was not entitled to relitigate that question.

■ Plaintiffs' action was to recover alleged accrued rent and for damages because of the unlawful detainer of the property. As stated above the wrongful detainer action involved only the question of which party had the right of possession and that issue was conclusively decided against the defendant. The questions of indebtedness and damages recoverable by plaintiffs from defendant were not issues in that action.

The Legislature recognized the character and limitation of the issues that could be determined in such action and provided the judgments therein should not be a bar to "any other action brought by either party." 39 O.S.1961, § 394. See Warren v. Stansbury, 199 Okl. 683, 189 P.2d 948.

The action of the plaintiffs may be maintained under authority of this statute.

It is our conclusion that the trial court erred in dismissing plaintiffs' action and the order of dismissal is reversed with directions to reinstate their action, in order that they may have an opportunity to prove any indebtedness and legitimate damages, if any, that plaintiff might be entitled to recover.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.